181 P.3d 1238

**GILTNER DAIRY, LLC, an Idaho limited liability company, Petitioner–Appellant,**

v.

**JEROME COUNTY, a political subdivision of the State of Idaho, Respondent,**

and

**93 Golf Ranch, L.L.C., Intervenor–Respondent.**

No. 34020.

Supreme Court of Idaho, Boise, March 2008 Term.

March 27, 2008.

White Peterson, P.A., Nampa, for appellant. Julie Fischer argued.

Michael J. Seib, Jerome County Prosecuting Attorney, Jerome, for respondent Jerome County.

Robertson & Slette, PLLC, Twin Falls, for respondent 93 Golf Ranch, L.L.C. Gary Slette argued.

EISMANN, Chief Justice.

This is an appeal from a judgment dismissing a petition for judicial review of an ordinance changing a county comprehensive plan map. Because the Appellant had no right to obtain judicial review, we affirm the judgment of the district court and award attorney fees on appeal.

## I. FACTS AND PROCEDURAL HISTORY

Giltner Dairy, LLC, (Giltner Dairy) owns approximately 843 acres of land upon which it operates a large dairy. Giltner Dairy's land adjoins a 115–acre parcel owned by 93 Golf Ranch, L.L.C. (Golf Ranch). Golf Ranch's land is zoned A–1 Agricultural, which is an agricultural zone in which urbanization is declared to be neither appropriate nor compatible with the possible agricultural activities in the area. On November 4, 2005, Golf Ranch asked the Jerome County Planning and Zoning Commission to amend the comprehensive plan map to indicate that the suitable projected uses for Golf Ranch's land would be consistent with the A–2 Agricultural zoning designation. That designation is for land that is changing from primarily agricultural activities to more urban activities. In an A–2 Agricultural zone, continuing urbanization is not discouraged but still must be approved after weighing its benefits against any harm that might result in the quality and character of the neighborhood. The Commission recommended that the Board of County Commissioners deny the request, but the Board approved it on February 27, 2006. It adopted a revised comprehensive plan map amendment on March 13, 2006.

On March 24, 2006, Giltner Dairy timely filed a petition seeking judicial review of the change in the comprehensive plan map. Giltner Dairy contended it was harmed by the change because it would permit Golf Ranch to later request a zoning change from A–1 Agricultural to A–2 Agricultural. The district court held that Giltner Dairy was not aggrieved by the change in the comprehensive plan map because it did not operate as a legally controlling zoning law and did not require the county to change the zoning designation of Golf Ranch's land. It therefore dismissed the petition for judicial review. Giltner Dairy then timely appealed to this Court.

On May 30, 2007, Golf Ranch filed a motion asking to intervene in this appeal. This Court granted the motion on July 9, 2007.

## II. ISSUES ON APPEAL

1. Did Giltner Dairy have a right to file a petition for judicial review of an amendment to the comprehensive plan map?

2. Is either Jerome County or Golf Ranch entitled to an award of attorney fees on appeal?

## III. ANALYSIS

**A. Did Giltner Dairy Have a Right to File a Petition for Judicial Review of an Amendment to the Comprehensive Plan Map?**

Giltner Dairy filed a petition seeking judicial review of the amendment to Jerome County's comprehensive plan map. It now appeals the district court's dismissal of that petition.

In its briefing, Giltner Dairy contends it is entitled to judicial review under the Idaho Administrative Procedures Act, I.C. §§ 67–5201 *et seq.*, (IAPA). Specifically, Giltner Dairy relies upon Idaho Code § 67–5270(2) of the IAPA, which provides, "A person aggrieved by a final agency action other than an order in a contested case is entitled to judicial review under this chapter if the person complies with the requirements of sections 67–5271 through 67–5279, Idaho Code." The problem with Giltner Dairy's argument is that the board of county commissioners in Jerome County is not an agency, and therefore the IAPA does not by its terms apply.

"The IAPA and its judicial review standards apply to agency actions." *Gibson v. Ada County Sheriff's Dept.*, 139 Idaho 5, 7, 72 P.3d 845, 847 (2003). "Counties and city governments are considered local governing bodies rather than agencies for purposes of the IAPA." *Id.* "The language of the IAPA indicates that it is intended to govern the judicial review of decisions made by state administrative agencies, and not local governing bodies." *Idaho Historic Preservation Council, Inc. v. City Council of City of Boise*, 134 Idaho 651, 653, 8 P.3d 646, 648 (2000). During oral argument, Giltner Dairy admitted that the right to obtain judicial review in this case must come from a statute other than the IAPA.

During oral argument, Giltner Dairy relied upon Idaho Code § 67–6521 for a right to appeal. That statute grants the right to judicial review pursuant to the IAPA to "[a]n affected person aggrieved by a decision." An "affected person" is defined as "one having an interest in real property which may be adversely affected by the issuance or denial of a permit authorizing the development." I.C. § 67–6521(1)(a). The ordinance amending the comprehensive plan map does not authorize any development. "A comprehensive plan is not a legally controlling zoning law, it serves as a guide to local government agencies charged with making zoning decisions. The 'in accordance with' language of I.C. § 67–6511 [1] does not require zoning decisions to strictly conform to the land use designation of a comprehensive plan." *Evans v. Teton County*, 139 Idaho 71, 76, 73 P.3d 84, 89 (2003) (citations omitted). *Accord, Balser v. Kootenai County Bd. of Comm'rs*, 110 Idaho 37, 714 P.2d 6 (1986) (landowners were not entitled to have their property zoned to conform to the county comprehensive plan map); *Bone v. City of Lewiston*, 107 Idaho 844, 693 P.2d 1046 (1984) (landowner was not entitled to have his property rezoned to conform to the city's comprehensive plan map). In *Balser v. Kootenai County Bd. of Comm'rs*, 110 Idaho 37, 38, 714 P.2d 6, 7 n. 1 (1986), we attached as an appendix the memorandum opinion of the governing board because it was "one of the better analyses which we have had occasion to review" regarding the relationship between a comprehensive plan and a zoning designation. A portion of that memorandum opinion bears quoting here:

> If the Zoning Ordinance itself, or the zoning designation on a particular parcel of

---

1. Idaho Code § 67–6511 requires the governing board to establish one or more zones or zoning districts within its jurisdiction and provides that "[t]he zoning districts shall be in accordance with the policies set forth in the adopted comprehensive plan."

property must immediately conform to the Comprehensive Plan, then there appears to be an unnecessary duplication. A change in the Plan would then automatically change the zoning, and we would have a distinction without a difference.

In fact, there is a substantial difference between planning and zoning. Planning is long range; zoning is immediate. Planning is general; zoning is specific. Planning involves political processes; zoning is a legislative function and an exercise of the police power. Planning is generally dynamic while zoning is more or less static. Planning often involves frequent changes; zoning designations should not. Planning has a speculative impact upon property values, while zoning may actually constitute a valuable property right.

It seems clear, therefore, that while zoning designations should generally follow and be consistent with the long-range designations established in the Comprehensive Plan, there is no requirement that zoning immediately conform to the Plan. The Plan is a statement of long-range public intent; zoning is an exercise of power which, in the long run, should be consistent with that intent. Planning is a determination of public policy, and zoning, to be a legitimate exercise of police power should be in furtherance of that policy.

110 Idaho at 41–42, 714 P.2d at 10–11. Because the amendment to the comprehensive plan map does not authorize development, Giltner Dairy is not an affected person under that statute. Therefore, Idaho Code § 67–6521 does not provide any right to obtain judicial review in this case.

During oral argument, Giltner Dairy also relied upon Idaho Code § 67–6519(4), which states:

(4) Whenever a governing board or zoning or planning and zoning commission grants or denies a permit, it shall specify:

(a) The ordinance and standards used in evaluating the application;

(b) The reasons for approval or denial; and

(c) The actions, if any, that the applicant could take to obtain a permit.

An applicant denied a permit or aggrieved by a decision may within twenty-eight (28) days after all remedies have been exhausted under local ordinance seek judicial review under the procedures provided by chapter 52, title 67, Idaho Code.

■ Idaho Code § 67–6519 applies to applications for a permit required or authorized under Chapter 65 of Title 67, Idaho Code.[2] That chapter mentions special use permits, I.C. § 67–6512; subdivision permits, I.C. § 67–6513; planned unit development permits, I.C. § 67–6515; variance permits, I.C. § 67–6516; and building permits, I.C. § 67–6517. A request to change the comprehensive plan map is not an application for a permit, and Giltner Dairy admits there was no application for a permit in this case. Therefore, Idaho Code § 67–6519 does not provide any right to obtain judicial review in this case.

Giltner Dairy could not point to any statute authorizing a petition for judicial review in this case. Because there was no statute authorizing Giltner Dairy to file a petition for judicial review of the decision to amend the comprehensive plan map, the district court correctly dismissed this proceeding. *Gibson v. Ada County Sheriff's Dept.,* 139 Idaho 5, 7, 72 P.3d 845, 847 (2003).

**B. Is Either Jerome County or Golf Ranch Entitled to an Award of Attorney Fees on Appeal?**

■ Jerome County seeks an award of attorney fees on appeal pursuant to Idaho Code § 12–117. We will award attorney fees on appeal under that statute if we find that the losing party acted without a reasonable basis in law or in fact. *Marcia T. Turner, L.L.C. v. City of Twin Falls,* 144 Idaho 203, 212, 159 P.3d 840, 849 (2007). In this case, Giltner Dairy could not point to any statute authorizing judicial review in this case. We

2. Idaho Code § 67–6519(2) begins, "Each application for a permit required or authorized under this chapter shall first be submitted to the zoning or planning and zoning commission for its rec-

ommendation or decision.... Each commission or governing board shall establish by rule a time period within which a recommendation or decision must be made."

find that it acted without a reasonable basis in law or fact in bringing this appeal, and we award attorney fees on appeal to Jerome County under Idaho Code § 12–117.

■ Golf Ranch seeks an award of attorney fees pursuant to Idaho Code §§ 12–117 and 12–121. Under the latter statute, attorney fees can be awarded on appeal only if the appeal was brought frivolously, unreasonably, or without foundation. *Gustaves v. Gustaves*, 138 Idaho 64, 71, 57 P.3d 775, 782 (2002). Golf Ranch is entitled to an award of attorney fees on appeal under that statute.

## IV. CONCLUSION

We affirm the judgment of the district court dismissing the petition for judicial review. We award costs, including attorney fees, on appeal to respondents.

Justices BURDICK, J. JONES, W. JONES and HORTON concur.

