# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34591/34592

NEIGHBORS FOR RESPONSIBLE
GROWTH, a non-profit unincorporated
association; PRESERVE OUR RURAL
COMMUNITIES, a non-profit
unincorporated association; KOOTENAI
ENVIRONMENTAL ALLIANCE, INC., a
non-profit corporation; NORBERT and
BEVERLY TWILLMAN; GREG and
JANET TORLINE; SUSAN MELKA;
MERLYN and JEAN NELSON,

    Plaintiffs,

v.

KOOTENAI COUNTY, a political
subdivision of the State of Idaho acting
through the KOOTENAI COUNTY BOARD
OF COMMISSIONERS; S.J. "GUS"
JOHNSON, Chairman; ELMER R. "RICK"
CURRIE and KATIE BRODIE,
Commissioners, in their official capacities;
and KATIE BRODIE, personally and
individually,

    Defendants,

and

POWDERHORN COMMUNTIES LLC and
HEARTLAND LLC,

    Intervenors,

COEUR D'ALENE LAND COMPANY and
H.F. MAGNUSON,

    Intervenors-Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, February 2009 Term

2009 Opinion No.  48

Filed:  April 6, 2009

Stephen Kenyon, Clerk

NEIGHBORS FOR RESPONSIBLE GROWTH, a non-profit unincorporated association; PRESERVE OUR RURAL COMMUNITIES, a non-profit unincorporated association; KOOTENAI ENVIRONMENTAL ALLIANCE, INC., a non-profit corporation; NORBERT and BEVERLY TWILLMAN; GREG and JANET TORLINE; SUSAN MELKA; MERLYN and JEAN NELSON,

    Plaintiffs-Respondents,

v.

KOOTENAI COUNTY, a political subdivision of the State of Idaho acting through the KOOTENAI COUNTY BOARD OF COMMISSIONERS; S.J. "GUS" JOHNSON, Chairman; ELMER R. "RICK" CURRIE and KATIE BRODIE, Commissioners, in their official capacities; and KATIE BRODIE, personally and individually,

    Defendants,

and

POWDERHORN COMMUNITIES LLC, and HEARTLAND LLC,

    Intervenors-Appellants,

and

COEUR D'ALENE LAND COMPANY and H.F. MAGNUSON,

    Intervenors.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Honorable Charles W. Hosack, District Judge.

The judgment of the district court is <u>vacated</u> and the case is <u>remanded</u> with instructions to dismiss the petition for review.

John F. Magnuson, Coeur d'Alene, for appellants Coeur d'Alene Land Company and H.F. Magnuson.

Lukins & Annis, P.S., Coeur d'Alene, for appellants Powderhorn Communities, LLC and Heartland LLC. Mischelle Fulgham argued.

Scott W. Reed, Coeur d'Alene, for respondents.

HORTON, Justice

This is an appeal from the district court's judgment vacating and remanding a decision by the Kootenai County Board of Commissioners (the Board) to amend the Kootenai County Comprehensive Plan (the Plan). Heartland, LLC, acting on behalf of Powderhorn Communities, LLC, (collectively referred to as Powderhorn), filed an application requesting that the Board amend the Plan, which the Board approved. Respondent Neighbors for Responsible Growth (Neighbors) filed a petition seeking judicial review of the Board's decision. The district court granted review, vacated the Board's decision, and remanded the matter for further proceedings. Powderhorn, along with Coeur d'Alene Land Company and H.F. Magnuson (Magnuson), (collectively referred to as Appellants) intervened below and now appeal the district court's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2005, Powderhorn filed an application on behalf of all landowners in the geographic area known as the Powderhorn Peninsula requesting that the Plan be amended to designate the peninsula as a rural residential area. The Kootenai County Planning Commission (the Commission) prepared a staff report and held a public hearing on the matter on April 27, 2006. The Commission recommended denial of the application. Powderhorn subsequently amended its application and requested that the peninsula be designated as rural, rather than rural residential. On September 14, 2006, the Board conducted a public hearing on the application, and on September 25, 2006, the Board visited the peninsula. Neighbors alleged that a member of the Board had improper contact with a Powderhorn representative during the visit, and as a result the Board re-opened public testimony and held another public hearing on the matter on October 4, 2006. On November 9, 2006, the Board entered an initial order granting the request for an

amendment to the Plan, which it subsequently revised into a final order approving the amendment. The Board's final order was issued November 16, 2006.

On November 15, 2006—subsequent to the Board's initial order but prior to its final order—Neighbors filed a petition for review of the Board's decision with the district court. Neighbors later filed a motion to stay proceedings related to requests for zoning changes made by the peninsula landowners, and the district court set a hearing on the motion for December 18, 2006. Powderhorn intervened in the proceedings and opposed the motion to stay; however, the motion was granted by the district court without imposition of terms or a bond. Powderhorn then filed a motion to dismiss Neighbors' petition for judicial review, based in part on the fact that Neighbors had not timely appealed the Board's final order. Neighbors subsequently filed an amended petition seeking review of the Board's final order.

The amended petition also added a claim for declaratory relief based upon alleged improper *ex parte* communications and conflicts of interest during the proceedings before the Board. The district court denied Powderhorn's motion to dismiss the initial petition, and Powderhorn then moved to strike the amended petition on the basis of alleged improper procedure. At this point, Magnuson intervened and joined Powderhorn in objecting to Neighbors' amended petition. In response, Neighbors filed an alternative motion to amend its petition. At a hearing on May 31, 2007, the district court indicated that it would allow Neighbors to go forward with its petition for review of the Board's final order and would not dismiss Neighbors' claim for declaratory relief, but that it would not hear argument on the claim for declaratory relief at a hearing on the merits of the Board's decision scheduled for June 5, 2007.

At the June 5 hearing, the district court *sua sponte* raised the issue of the applicability of I.C. § 67-6509(b) and *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 958 P.2d 583 (1998), to the facts of this case. The district court postponed a decision in order to allow the parties to submit briefing on the issue of whether the Board complied with public hearing requirements, as set out in I.C. § 67-6509(b) and explained in *Price*. Finally, on July 25, 2007, the district court vacated and remanded the Board's decision, based on the fact that the Board failed to hold a public hearing in violation of I.C. § 67-6509(b) after announcing that it would amend the Plan despite the recommendation of the Commission that the Plan should not be amended. The district court awarded costs to Neighbors. Appellants timely appealed to this Court.

On March 27, 2008, we published *Giltner Dairy, LLC v. Jerome County*, 145 Idaho 630, 181 P.3d 1238 (2008), holding that Giltner was not entitled to judicial review of Jerome County's decision to amend its comprehensive plan map and that Giltner must pay the attorney fees of both the county and a third-party intervenor in the case. Upon reading *Giltner*, counsel for Neighbors decided that the decision is "totally dispositive" of the instant case and therefore, on April 22, 2008, asked this Court to suspend this appeal, pursuant to I.A.R. 13.2, and remand the matter to the district court, under I.A.R. 13.3, with instructions to the district court to dismiss Neighbors' petition for review with prejudice. Neighbors asserted that no costs or attorney fees should be awarded to any party in this case.

Initially, we ordered that Neighbors be dismissed from the case and that Appellants alone be allowed to proceed on the sole issue of attorney fees. After Neighbors moved for reconsideration and requested oral argument, we withdrew our initial order and allowed all parties to present oral argument on the issue of attorney fees.

## II. STANDARD OF REVIEW

"The Supreme Court in its decision on appeal shall include its determination of a claimed right to attorney fees . . . ." I.A.R. Rule 41(c). When an award of attorney fees depends on the interpretation of a statute, the standard of review for statutory interpretation applies. *BECO Const. Co., Inc. v. J-U-B Engr's, Inc.*, 145 Idaho 719, 726, 184 P.3d 844, 851 (2008). The interpretation of a statute is a question of law over which this Court exercises free review. *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001).

## III. ANALYSIS

**A. The district court's judgment must be vacated and this matter remanded with instructions to dismiss the petition for review.**

Neighbors has conceded that it has no right to petition for review of the Board's decision in light of this Court's recent decision in *Giltner Dairy v. Jerome County*, 145 Idaho 630, 181 P.3d 1238 (2008). Appellants agree that *Giltner*, which was released after Appellants brought this appeal, is "totally dispositive" of the substantive issues in this matter.

In *Giltner*, Giltner Dairy sought judicial review of the county commission's decision to amend its comprehensive plan map to reflect that the land belonging to Giltner's neighbor, Golf Ranch, is an area transitioning from agricultural to urban use, rather than an area of strictly agricultural use. *Id.* at 631, 181 P.3d at 1239. Giltner argued that the district court had

jurisdiction to review the commission's decision under I.C. § 67-6521, which grants the right to judicial review in accordance with the Idaho Administrative Procedure Act to "[a]n affected person aggrieved by a decision." *Id*. at 632, 181 P.3d at 1240. This Court noted that I.C. § 67-6521(1)(a) defines "affected person" as "one having an interest in real property which may be adversely affected by the issuance or denial of a permit authorizing the development." *Id.* We held that because the county's amendment to its comprehensive plan map was not a permit authorizing development, Giltner was not an "affected person" and was therefore not authorized by I.C. § 67-6521 to file a petition for review of the amendment. *Id.* at 634, 181 P.3d at 1241.

Neighbors, like Giltner, petitioned for review pursuant to I.C. § 67-6521. The Board's amendment to the Plan designating the peninsula as a rural area, like the amendment by the Jerome County commissioners, is not a permit authorizing development. Neighbors, like Giltner, is thus not an "affected person" and is not entitled to judicial review of the Board's decision under I.C. § 67-6521. We therefore vacate the district court's judgment and remand with instructions to dismiss the petition for review. We turn now to the question of attorney fees.

## B. Appellants are not entitled to attorney fees.

Appellants did not address the issue of attorney fees below in their opening briefs, and thus we decline to address the same. *McVicker v. City of Lewiston*, 134 Idaho 34, 38, 995 P.2d 804, 808 (2000) (citing I.A.R. 35(a)(6)). Appellants also failed to ask for attorney fees on appeal under I.C. § 12-121 in their opening briefs, and thus we decline to address this issue as well.[1] *Id.* Appellants did, however, request attorney fees on appeal pursuant to I.C. § 12-117 in their opening briefs, and we now examine whether they are entitled to the same.

Idaho Code § 12-117 states in relevant part that:

> Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable

---

[1] Appellants did ask for attorney fees under I.C. § 12-121 in their reply briefs. This belated request appears to be in response to the release of *Giltner Dairy*, in which we awarded attorney fees to intervenor Golf Ranch under that provision. *Giltner Dairy*, 145 Idaho at 634, 181 P.3d at 1242. We take this opportunity to observe that the award to Golf Ranch was improvidently granted. Idaho Code § 12-121 states in relevant part that: "*In any civil action*, the judge may award reasonable attorney's fees to the prevailing party . . . ." (Emphasis added). *Giltner* came before us on appeal from a petition to review county action. In *Lowery v. Bd. of County Comm'rs for Ada County*, 117 Idaho 1079, 1082, 793 P.2d 1251, 1254 (1990), we held that where a case is before an appellate court on petition for judicial review of county action, such a matter is not a civil action because it does not commence with the filing of a complaint as required by I.R.C.P. 3(a). Thus, we held that it was error to award attorney fees pursuant to I.C. § 12-121 in connection with a petition for judicial review. *Id.*

attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

The dispositive phrase is "involving as adverse parties . . . a county . . . and a person." We read this phrase to mean that in order for Appellants to receive an award under I.C. § 12-117, they must be adverse to Kootenai County. This interpretation is in keeping with our recent decision in *Galli v. Idaho County*, 146 Idaho 155, 191 P.3d 233 (2008). In *Galli* we held that because the Gallis were not adverse to the county they were not entitled to an award of attorney fees under I.C. § 12-117. *Id.* at 161, 191 P.3d at 239. The county's only involvement in *Galli* was to object to attorney fees; it did not participate in the merits of the appeal. *Id.* Similarly, the county in this case is not adverse to either party. The county's only involvement in this appeal was to waive any objection to Neighbors' motion to dismiss and to waive any claim to attorney fees. Furthermore, Appellants are intervenors on the side of the county--perhaps the most obvious indicator that the two are not adverse. Thus, because Appellants are not adverse to the county, they are not entitled to an award of attorney fees under I.C. § 12-117.

This holding may appear to conflict with our decision in *Rural Kootenai Org., Inc. v. Bd. of Comm'rs*, 133 Idaho 833, 845, 993 P.2d 596, 608 (1999). In that case, a developer intervened on the side of the county, and the county lost on appeal. We stated that, pursuant to I.C. § 12-117, "[the intervenor] shall share the burden of appellate costs with the County." *Id.* at 846, 993 P.2d at 609. This holding suggests that, since we levied costs against an intervenor who was not adverse to the county under I.C. § 12-117, we may also logically make an award of attorney fees to Appellants under that same provision. In *Rural Kootenai,* this Court was explicit, however, that it was only awarding costs and not attorney fees against the intervenor pursuant to I.C. § 12-117. Because costs are awarded to a prevailing party on appeal as a matter of course pursuant to I.A.R. 40, our reference to I.C. § 12-117 as a basis for the award of costs is mere dicta. Thus, we conclude that our decision in *Rural Kootenai* does not control our decision regarding Appellants' request for attorney fees under I.C. § 12-117.

Furthermore, our holding today is in line with the legislative evolution of I.C. § 12-117. When initially enacted in 1984, I.C. § 12-117 allowed only for an award of attorney fees to be levied against a state agency in favor of a person. 1984 Idaho Sess. Laws, ch. 204, § 1, p. 501. Ten years later, the statute was expanded to include cities, counties and taxing districts. 1994 Idaho Sess. Laws, ch. 36, § 1, p. 55. However, the statute continued to provide that only the

person, not the governmental entity, was entitled to an award of attorney fees. In 2000, the statute was amended to create a "two-way street," authorizing an award of attorney fees to either the governmental entity or to the person in the event "that the party against whom the judgment is rendered acted without a reasonable basis in fact or law." 2000 Idaho Sess. Laws, ch. 241, § 1, p. 675. The statute has never been amended, however, to provide for an award to a person who is not adverse to the governmental entity. We decline to infer that the Legislature intended that one person might recover from another person under I.C. § 12-117 solely because of the presence of a governmental entity in the litigation.

Appellants' request for an award of attorney fees under I.C. § 12-117 fails because they are not adverse to the county.[2] Appellants are the prevailing party, however, and as such they are entitled to costs on appeal pursuant to I.A.R. 40.

## IV. CONCLUSION

Our decision in *Giltner* is dispositive of this appeal, and thus we vacate the district court's judgment and remand with instructions to dismiss Neighbors' petition for judicial review. Appellants are awarded costs but not attorney fees on appeal.

Justices BURDICK, J. JONES, W. JONES and Justice Pro Tem TROUT **CONCUR**.

---

[2]    In *Galli*, this Court stated two reasons for not awarding attorney fees to the Gallis under I.C. § 12-117:  that the county and the Gallis were not adverse and that "no judgment [had] been rendered." 146 Idaho at 161, 191 P.3d at 239. The latter statement is dicta. A "judgment" is "[a] court's final determination of the rights and obligations of the parties in a case. The term *judgment* includes a decree and any order from which an appeal lies." BLACK'S LAW DICTIONARY 846 (7th ed 1999). Clearly, a court's decision regarding a petition for judicial review may be a "judgment."