IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 36481

IN RE: ANNEXATION TO THE CITY OF )
SHELLEY. )
-------------------------------------------------------- )
ROGER STEELE, )

    Petitioner-Appellant, )

v. )

CITY OF SHELLEY, )

    Respondent. )

**Idaho Falls, September 2010**

**2011 Opinion No. 70**

**Filed: June 2, 2011**

**Stephen W. Kenyon, Clerk**

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

District court dismissal of petition for judicial review of annexation, <u>affirmed</u>.

Dunn law Offices, PLLC., Rigby, for appellant. Robin D. Dunn argued.

Smith, Driscoll & Associates, PLLC, Idaho Falls, for respondent. Buster Joe Driscoll argued.

---

BURDICK, Justice

Roger Steele, et al., ("Appellants") appeal the district court's dismissal of their petition for judicial review of the City of Shelley's ("Shelley") annexation of land in Bingham County commonly known as "Kelley Acres." The district court dismissed the petition, finding that there was no statutory authorization for judicial review of Shelley's category A annexation. Appellants, who are residents of the annexed land, challenge the decision on the ground that Shelley improperly classified the annexation as a category A annexation, Shelley was arbitrary and capricious in annexing the land and the annexation was procedurally defective. First, we hold that there is no statutory authorization for judicial review of a category A annexation. Second, we hold that a court may always make factual inquiry as to its jurisdictional parameters,

but upon review, we find substantial evidence supports Shelley's determination that this was a category A annexation. Therefore, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2008, Shelley submitted an application to annex and rezone the Kelley Acres subdivision in Bingham County. Shelley's planning and zoning commission held a public hearing on October 15, 2008, to consider rezoning Kelley Acres, upon its annexation, from County Residential Agricultural to City Residential Agricultural. The commission unanimously recommended to the city council that Kelley Acres be annexed and rezoned.

On November 25, 2008, Shelley conducted a hearing to consider the annexation and rezoning. Twenty-nine property-owning residents of Kelley Acres signed and submitted a statement declaring their opposition and indicating their non-consent to the annexation. After hearing from some landowners, all of whom opposed the annexation, the city council unanimously approved the annexation and rezoning. On December 10, 2008, the city council passed an ordinance annexing and rezoning Kelley Acres, and Shelley published the ordinance in The Shelley Pioneer newspaper on December 17, 2008.

Appellants filed a petition for judicial review of Shelley's annexation in Bingham County district court on December 10, 2008, contending that Shelley failed to give proper notice to all concerned citizens, Shelley failed to properly categorize the annexation and the annexation was unreasonable. On January 29, 2009, Shelley filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to I.R.C.P. 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to I.R.C.P. 12(b)(6). On April 2, 2009, the district court issued an order dismissing the petition for lack of subject matter jurisdiction under I.R.C.P. 12(b)(1), finding no statutory authority for judicial review of a city's category A annexation or of a city's decision to classify an annexation as a category A annexation. Appellants submitted a notice of appeal on April 27, 2009.

## II. STANDARD OF REVIEW

As this Court wrote in *Gibson v. Ada County*:

> In reviewing the district court's order granting the motion to dismiss, the standard of review is the same as that used in summary judgment. The standard of review on appeal from an order granting summary judgment is the same standard that is used by the district court in ruling on the motion. Summary judgment is appropriate only when the pleadings, depositions, affidavits and

2

admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.

This Court has free review over the construction of a statute, which includes whether a statute provides for judicial review, and the standard of review to be applied if judicial review is available.

142 Idaho 746, 751, 133 P.3d 1211, 1216 (2006) (internal quotations and citations omitted).

## III. DISCUSSION

Idaho Code § 50-222[1] divides annexations into three categories: A, B, and C. Different criteria and procedural requirements for each category of annexation are set forth in I.C. §§ 50-222(3) and (5). The parties agree that Shelley classified the annexation in this case as a category A annexation. Appellants argue that Shelley's annexation is not appropriately classified as a category A annexation. Rather, they argue, the annexation is a category B annexation, and category B annexations are expressly reviewable pursuant to I.C. § 50-222. Alternatively, Appellants argue that judicial review is available for category A annexations.

**A. Judicial review is not available for category A annexations.**

In order to obtain judicial review of a city's annexation and initial zoning, there must be a statute granting the right of judicial review. *Highlands Dev. Corp. v. City of Boise*, 145 Idaho 958, 960–61, 188 P.3d 900, 902–03 (2008) (citing *Gibson v. Ada Cnty. Sheriff's Dep't.*, 139 Idaho 5, 8, 72 P.3d 845, 848 (2003)). Idaho Rule of Civil Procedure 84(a)(1) provides that actions of state agencies or officers, or actions of local government, its officers or its units, are not subject to judicial review unless expressly authorized by statute. Appellants' petition for judicial review put forth the following bases of jurisdiction: (1) I.C. § 50-222; (2) the Local Land Use Planning Act (LLUPA); (3) the Idaho Administrative Procedure Act (IDAPA); and (4) Shelley's ordinances, rules and regulations. As discussed below, it is well established that neither LLUPA, IDAPA, nor a city's ordinances, rules and regulations authorize judicial review of a category A annexation. Furthermore, we hold that, under a plain reading of I.C. § 50-222, judicial review is not authorized for category A annexations.

1. Neither IDAPA, LLUPA, nor a city's ordinances, rules and regulations authorize judicial review of category A annexations.

---

[1] Idaho Code § 50-222 was amended in 2009. 2009 Idaho Session Laws, ch. 53, § 1, pp. 145–50. The relevant version of I.C. § 50-222 used in this opinion is the version existing prior to the 2009 amendments, as the City's annexation took place from September through December 2008. The 2009 amendments made changes only to I.C. § 50-222(4). The 2009 amendment is noted in footnote 2 of this opinion as far as it relates to our one reference to I.C. § 50-222(4) in this opinion.

IDAPA's judicial review standards only apply to agency actions. *Gibson*, 139 Idaho at 7, 72 P.3d at 847. "Counties and city governments are considered local governing bodies rather than agencies for purposes of the IDAPA." *Id*. "The language of the IDAPA indicates that it is intended to govern the judicial review of decisions made by state administrative agencies, and not local governing bodies." *Idaho Historic Pres. Council, Inc. v. City Council of Boise*, 134 Idaho 651, 653, 8 P.3d 646, 648 (2000). This Court has continued to follow this approach in recent cases. *See Highlands*, 145 Idaho at 960, 188 P.3d at 902; *Giltner Dairy, LLC v. Jerome Cnty.*, 145 Idaho 630, 632, 181 P.3d 1238, 1240 (2008); *Black Labrador Investing, LLC v. Kuna City Council*, 147 Idaho 92, 95, 205 P.3d 1228, 1231 (2009).

In *Highlands*, this Court noted that I.C. § 67-6525 is the only statute in LLUPA mentioning annexation and does not grant a right to judicial review regarding the annexation decision. *Highlands*, 145 Idaho at 962, 188 P.3d at 904. Idaho Code § 67-6525 provides:

> Prior to annexation of an unincorporated area, a city council shall request and receive a recommendation from the planning and zoning commission . . . on the proposed plan and zoning ordinance changes for the unincorporated area. Each commission and the city council shall follow the notice and hearing procedures provided in section 67-6509, Idaho Code. Concurrently or immediately following the adoption of an ordinance of annexation, the city council shall amend the plan and zoning ordinance.

This Court recently considered whether LLUPA authorizes judicial review in the annexation context in *Black Labrador*. Although *Black Labrador* specifically involved a challenge to a denial of an application for annexation, the Court's analysis in that case is applicable to a city's decision to annex land as well. In *Black Labrador*, this Court concluded that LLUPA does not authorize judicial review of a denial of an application for annexation, stating:

> LLUPA authorizes judicial review in cases where a person has applied for and been denied a permit that is required or authorized under LLUPA. . . . LLUPA also authorizes judicial review in cases where a persons [sic] interest in real property may be adversely affected by the issuance or denial of a permit authorizing development. I.C. 67-6521. LLUPA does not mention any permit that relates to the annexation of land by a city.

*Black Labrador*, 147 Idaho at 98, 205 P.3d at 1234 (internal citations omitted).

Whether a county or city ordinance may authorize judicial review pursuant to the IDAPA depends on whether the county or city is empowered under the Idaho State Constitution to enact a law providing for judicial review. *Gibson*, 139 Idaho at 8, 72 P.3d at 848; *Black Labrador*, 147

Idaho at 97, 205 P.3d at 1233. Article XII, section 2 of the Idaho State Constitution provides: "Any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws." In both *Gibson* and *Black Labrador*, this Court held that to the extent that the ordinances at issue purported to authorize judicial review under the IDAPA, they conflicted with the laws of the state and, thus, were not a basis for judicial review.

2. Idaho Code § 50-222 does not provide for judicial review of category A annexations.

Idaho Code § 50-222(6) expressly grants judicial review under IDAPA for category B and category C annexations:

> The decision of a city council to annex and zone lands as a category B or category C annexation shall be subject to judicial review in accordance with the procedures provided in chapter 52, title 67, Idaho Code, and pursuant to the standards set forth in section 67-5279, Idaho Code.

Idaho Code § 50-222 does not contain a similar grant for IDAPA review of a city's decision to annex and zone lands under category A. The parties agree that Shelley classified the annexation as a category A annexation. Appellants argue that the final sentence of I.C. § 50-222(6) authorizes judicial review of Shelley's annexation. The final sentence of I.C. § 50-222(6) states: "All cases in which there may arise a question of the validity of any annexation under this section shall be advanced as a matter of immediate public interest and concern, and shall be heard by the district court at the earliest practicable time."

Appellants find some support in *Black Labrador*, where this Court described the final provision of I.C. § 50-222(6) as "a *broad grant of judicial review* that applies to *all annexations* authorized by a city council." 147 Idaho at 96, 205 P.3d at 1232 (emphases added). However, this statement is dicta. The Court in *Black Labrador* found this final provision of I.C. § 50-222(6) inapplicable to the facts before it because the city denied the appellant's application for annexation, finding that the provision applies only when a city makes an affirmative decision to annex property. *Id.* Thus, *Black Labrador* did not turn on whether this final provision of I.C. § 50-222(6) authorizes judicial review.

When the first half of the final provision of I.C. § 50-222(6) is read in isolation, it seems to suggest that judicial review is broadly available for annexations. However, reading the final provision in full, it is clearly designed to ensure prompt judicial review of those annexations for which judicial review or declaratory relief is available, and the provision does not read as an

actual grant of judicial review. Furthermore, when considering I.C. § 50-222(6) in its entirety, Appellants' interpretation of the final provision as granting judicial review for all categories of annexation cannot be reconciled with the first provision in I.C. § 50-222(6) which expressly grants direct judicial review for only category B and category C annexations. Under the principle that specific provisions take precedent over general provisions, the final provision of I.C. § 50-222(6) cannot be read to authorize judicial review. *See Mulder v. Liberty Nw. Ins. Co.*, 135 Idaho 52, 57, 14 P.3d 372, 377 (2000) ("A basic tenet of statutory construction is that the more specific statute or section addressing the issue controls over the statute that is more general.")**.**

## B. Shelley's annexation is a category A annexation.

Having determined that category A annexations are unreviewable, we now turn to the issue of whether Shelley's annexation is a category A annexation or whether, as Appellants argue, the annexation is a reviewable category B annexation. Courts have the power to inquire into their own jurisdiction. Courts are obligated to ensure their own subject matter jurisdiction and must raise the issue *sua sponte* if necessary. *Highlands*, 145 Idaho at 960, 188 P.3d at 902.[2] Because this Court is sitting in an appellate capacity, as was the district court, we are bound to consider only the record and cannot find facts during our inquiry into whether we have jurisdiction to review Shelley's annexation.

Idaho Code § 50-222(3) states, "annexations shall be classified and processed according to the standards for each respective category set forth herein," and goes on to set forth legal criteria for category A, B and C annexations. Idaho Code § 50-222(3)(a)(i) governs category A annexations and reads as follows: "All private landowners have consented to annexation. Annexation where all landowners have consented may extend beyond the city area of impact provided that the land is contiguous to the city and that the comprehensive plan includes the area of annexation." For all categories of annexations, Idaho Code § 50-222(5) sets forth: "The implementation of any annexation proposal wherein the city council determines that annexation

---

[2] We note that Shelley raised the issue of subject matter jurisdiction before the district court by filing a motion pursuant to I.R.C.P. 12(b) (1) and (6). On a petition for judicial review, the district court is sitting in an appellate capacity. We point out that I.R.C.P. 84(o) is the only provision for motions to a district court sitting in an appellate capacity. Any other procedural rule not specified or covered by I.R.C.P. 84 shall be in accordance with the appropriate rule of the Idaho Appellate Rules. I.R.C.P. 84(r). Where a court is sitting in an appellate capacity, a challenge to subject matter jurisdiction should be presented during the appellate argument before the judge based upon the record below. Even though Shelley failed to use the appropriate method to challenge subject matter jurisdiction, we will consider the jurisdictional issue, since courts have a duty to ensure their own subject matter jurisdiction.

6

is appropriate shall be concluded with the passage of an ordinance of annexation." For category A annexations, I.C. § 50-222(5) provides:

> Lands lying contiguous or adjacent to any city in the state of Idaho may be annexed by the city if the proposed annexation meets the requirements of category A. Upon determining that a proposed annexation meets such requirements, a city may initiate the planning and zoning procedures set forth in chapter 65, title 67, Idaho Code, to establish the comprehensive planning policies, where necessary, and zoning classification of the lands to be annexed.

I.C. § 50-222(5)(a).

Appellants argue that Shelley's annexation does not meet the consent and contiguity requirements for category A annexations. The City claimed that its annexation in this case was a Category A annexation. The district court held that such claim must be accepted at face value, and therefore there was no right to judicial review for challenges to a city's choice of annexation category. The district court erred.

The district court had inherent power to pass on its own jurisdiction. *Skogerson v. McConnell*, 104 Idaho 863, 864 n.1, 664 P.2d 770, 771 n.1 (1983). Once jurisdiction has been called into question, the party asserting jurisdiction has the burden of proving jurisdictional facts. *Schneider v. Sverdsten Logging Co.,* 104 Idaho 210, 214 n.2, 657 P.2d 1078, 1082 n.2 (1983) (citing *Taylor v. Portland Paramount Corp.,* 383 F.2d 634, 639 (9th Cir. 1967)).

At the public hearing held on October 15, 2008, the City presented its proposal and facts supporting the annexation. The city produced a surveyed map showing the Kelly subdivision was contiguous to existing city property and established that the Kelley subdivision had been using Shelley's water system for many years thereby impliedly consenting to annexation, thereby making a prima facie showing that the annexation was a category A. Those facts then became recitals in the ordinance annexing Kelley Acres.

It then fell to Appellants to put forth sufficient admissible evidence to show that the annexation did not meet the requirements of a category A annexation. Appellants' petition for review and accompanying briefs assert various ways in which the annexation fails to comply with the statutory requirements for a category A annexation. However, mere allegations cannot be considered. *Id.* The parties objecting must present competent evidence at the annexation hearing to rebut the city's classification. During the city council's annexation hearing, some Kelley Acres residents testified to their non-consent and submitted a petition containing the names of residents who expressed a revocation of any implied consent by using the city water

system. Implied consent based upon the use of a water system certainly cannot be revoked by a petition. Appellants failed to place any competent evidence in the record at the city council hearing to establish that the requirements for a category A annexation were not met. Therefore, the city's classification of the annexation was supported by jurisdictional facts. There was no jurisdiction for the trial court to review the annexation.-

**C. Attorney fees are not awarded.**

Both parties seek attorney fees under I.C. § 12-117(1), which provides:

Unless otherwise provided by statute, in any administrative proceeding or civil judicial proceeding involving as adverse parties a state agency or political subdivision and a person, the state agency or political subdivision or the court, as the case may be, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

We held in *Smith v. Washington County Idaho* that attorney fees pursuant to I.C. § 12-117(1) are not available on a petition for judicial review, as a petition for judicial review is neither an "administrative proceeding" nor a "civil judicial proceeding." 150 Idaho 388, __, 247 P.3d 615, 617–19 (2010). Thus, no attorney fees are awarded in this case.

## IV. CONCLUSION

There is no authorization of judicial review of a category A annexation under I.C. § 50-222, IDAPA, LLUPA or Shelley's ordinances, rules, and regulations. Shelley's ordinance annexing Kelley Acres pursuant to category A was based on substantial evidence, and therefore, the trial court had no jurisdiction to review the annexation. Accordingly, we affirm the district court in dismissing Appellants' petition for judicial review for lack of subject matter jurisdiction. No attorney fees to either party. Costs to Shelley.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**