# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 33999

| | | |
|---|---|---|
| CLIFFORD GALLI and PAM GALLI, | ) | |
| | ) | |
| Petitioners-Plaintiffs-Respondents-Cross Appellants, | ) ) | |
| | ) | |
| v. | ) | Boise, June 2008 Term |
| | ) | |
| IDAHO COUNTY, a political subdivision of the State of Idaho, | ) ) | 2008 Opinion No. 100 |
| | ) | Filed: July 24, 2008 |
| Respondent-Defendant-Cross Respondent, | ) ) | Stephen W. Kenyon, Clerk |
| | ) | |
| and | ) | |
| | ) | |
| N.A. DAGERSTROM, INC., | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

Appeal from the Second Judicial District of the State of Idaho, Idaho County. Hon. John Bradbury, District Judge.

The decision of the district court is <u>affirmed</u>. Costs are awarded to respondent and cross appellant Galli.

Brit D. Groom, Cottonwood, for appellants.

Hawley Troxell Ennis & Hawley, Boise, for respondent and cross-appellant. Geoffrey Wardle argued.

Clements, Brown & McNichols, P.A., Lewiston, for cross-respondent Idaho County. Michael McNichols argued.

Dennis Albers, Grangeville, for cross-respondent Idaho County.

Givens Pursley, LLP, *amicus curiae*.

W. JONES, Justice

Michael Jutte filed an application with the Idaho County Board of Commissioners (the Board) requesting an R.S. 2477 public right-of-way on portions of Kessler Creek Road and Race

1

Creek Road, which presently traverse private property owned by Pam and Clifford Galli (the Gallis). Jutte sought the R.S. 2477 public right-of-way as a means to access his unpatented mining claim. After two public hearings on the matter, the Board granted Jutte's request. The Gallis appealed to the district court, Honorable John Bradbury presiding, which reversed the Board's decision. Dagerstrom, the successor in interest to Jutte's mining claim, intervened at the district court level. Dagerstrom appeals the district court's decision to this Court. The Gallis cross-appeal seeking attorney's fees at the district court level and attorney's fees on appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Portions of Kessler Creek Road and Race Creek Road (hereinafter collectively referred to as the Roads) are located on private property owned by the Gallis. Michael Jutte filed an application with the Board to have the Roads declared a public right-of-way under R.S. 2477 so that he may explore an unpatented mining claim in Spotted Horse Mine. The Board granted Jutte's request, finding that he met his initial burden of proof showing that the Roads were public rights-of-way prior to being removed from the public domain in 1904.

The Board held two public hearings in accordance with I.C. §§ 40-203 and -203A. A decision was issued granting Jutte's request to declare portions of Kessler Creek Road and Race Creek Road as R.S. 2477 public rights-of-way. The Board was presented with two surveys of the land, referred to by both parties as the Oliver surveys. The surveys occurred in August and September of 1902 and were later depicted on a map in 1903.

The Board found that the first removal of the land from the public domain occurred in February of 1904. All parties agree that the land was removed from the public domain in 1904. All parties agree that the Roads must be established before being removed from the public domain in 1904 in order for there to be a valid R.S. 2477 grant. Therefore, any establishment of an R.S. 2477 public right-of-way would have had to occur prior to that time. The Board found that the surveys effectively established the existence of Kessler Creek Road prior to the 1902 survey of the land, and therefore Kessler Creek Road existed prior to the land exiting the public domain. The survey also shows a few cabins, some landmarks and residences and a few fences sporadically established in the area in the 1902 survey. The Board ultimately found that "the act of first construction and first use constitutes a valid establishment of acceptance of the federal grant for right-of-way purposes under Revised Statute 2477." It was based on this information that the Board concluded that "Jutte[] has sustained his burden of proof demonstrating that the

2

current Race Creek Road and the current Kessler Creek Road . . . [are] a valid R.S. 2477 right of way."

The Gallis appealed to the district court. Dagerstrom, the successor in interest to Jutte's unpatented mining claim, filed a motion to intervene, which the district court granted. The district court ultimately reversed the Board's decision under I.C. § 40-208(7), holding that the Board's findings were not supported by substantial and competent evidence and that the decision affected a substantial right of the Gallis. Dagerstrom appeals that decision, and the Gallis cross-appeal alleging error by the trial court for failing to grant attorney's fees under I.C. § 12-117.

The following issues are presented to this Court on appeal:

1. Whether public use for five years is necessary to accept the federal grant of an R.S. 2477 right-of-way.
2. Whether the district court erred when it held the Board's finding that an R.S. 2477 right-of-way existed was clearly erroneous.
3. Whether § 850 or § 851 of the revised statutes of 1887 is applicable in determining the establishment of R.S. 2477 roads under territorial law.
4. Whether the district court erred in reversing the Board's decision granting Kessler Creek Road and Race Creek Road as public rights-of-way under R.S. 2477.
5. Whether the Gallis are entitled to attorney's fees on appeal under I.C. § 12-117.

## STANDARD OF REVIEW

The Board is treated as an agency for the purposes of judicial review. *S. Fork Coaltion v. Bd. Of Comm'rs of Bonneville County*, 117 Idaho 857, 860, 792 P.2d 882, 885 (1990). This Court reviews the district court directly when it acts as an intermediate appellate court. *Losser v. Brandstreet*, ___ Idaho ___, ___, 183 P.3d 758, 760 (2008). In reviewing the district court, we examine the Board's findings to determine if they are supported by substantial and competent evidence. The court will not substitute its judgment for that of the Board on questions of fact. *Homestead Farms v. Bd of Comm'rs of Teton County*, 141 Idaho 855, 858, 119 P.3d 630, 633 (2005). "The [district] court may affirm the decision of the commissioners or remand the case for further proceedings." I.C. § 40-208(7). If the commissioners' findings, inferences, conclusions or decisions affect a substantial right of the party, then the court may reverse or modify the commissioners' decision. I.C. § 40-208(7). The district court must also find that the findings, inferences, conclusions or decisions are:

(a) In violation of constitutional or statutory provisions;
(b) In excess of the statutory authority of the commissioners;

3

(c) Made upon unlawful procedure;

(d) Affected by other error of law;

(e) Clearly erroneous in view of the reliable, probative and substantial information on the whole record; or

(f) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

I.C. § 40-208(7).

If a substantial right of the party is affected by a Board decision that is clearly erroneous, the district court may reverse the Board's decision. I.C. § 40-208(7)(e). A decision is clearly erroneous when it is not supported by substantial and competent evidence. *State Dept. of Health and Welfare v. Roe*, 139 Idaho 18, 21, 72 P.3d 858, 861 (2003). We review the decision of the district court in conjunction with the findings of the Board to determine if the district court's decision was made in error. *Losser*, ___ Idaho at ___, 183 P.3d at 760.

"The federal statute creating R.S. 2477 roads provided that '[t]he right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted.' . . . While this statute has been repealed, otherwise valid leases, permits, patents and similar rights created under it are valid if they existed before October 21, 1976." *Farrell v. Bd. Of Comm'nr of Lemhi County*, 138 Idaho 378, 384, 64 P.3d 304, 310 (2002) (quoting 43 U.S.C.A. § 932 (1866) (repealed 1976); Pub.L. 94-579, § 706(a) (1976)) (internal citation removed). No R.S. 2477 road may be established once the land has been removed from the public domain. However, if an R.S. 2477 road is established prior to the land exiting the public domain, regardless if it is officially recognized or not, then that grant remains effective even though the land which the road traverses is now private property. The grant of a public right-of-way under R.S. 2477 is governed by the laws of the individual states. The creation of roads in Idaho in 1904 required that "[r]oads laid out and recorded as highways, by order of the Board of Commissioners, and *all roads used as such for a period of five years, are highways*." *Kirk v. Schultz*, 63 Idaho 278, 284, 119 P.2d 266, 268 (1941) (quoting Revised Statues of 1887, § 851, page 150) (internal quotations omitted) (emphasis original). The use must be regular public use and not casual or desultory. *Kirk*, 63 Idaho at 282, 119 P.2d at 268.

Any member of the public may assert a public right-of-way through the procedures granted by the state of Idaho, or the provisions of R.S. 2477. I.C. § 40-204A(5). The procedures for establishing an R.S. 2477 right-of-way are generally governed by the laws of the individual states. *Kirk*, 63 Idaho at 282-83, 119 P.2d at 268.

4

**Whether public use for five years is necessary to accept the federal grant of an R.S. 2477 right-of-way**.

> [I]n order for there to be an acceptance of a congressional grant of a right-of-way for a public highway under this statute, 'there must be either user [sic] by the public for such a period of time, and under such conditions as to establish a highway under the laws of this State; or there must be some positive act or acts on the part of the proper public authorities clearly manifesting an intention to accept such grant with respect to the particular highway in question.'

*Farrell*, 138 Idaho at 384, 64 P.3d at 310 (quoting *Kirk*, 63 Idaho at 282-83, 119 P.2d at 268 (citations omitted)). In *Farrell*, this Court found this statement from *Kirk* to contain two methods for establishing an R.S. 2477 public right-of-way. See *Farrell*, 138 Idaho at 384, 64 P.3d at 310. That is, an R.S. 2477 right-of-way is either created through a positive act of acceptance by the local government or compliance with the road creation statutes in existence at the time. Prior to this appeal, neither party argued that a positive act of acceptance by the local government occurred. Therefore, in this instance, Jutte bore the burden of showing compliance with the road creation statutes in existence in 1904.

The road creation statutes, in effect from 1887, required use for a period of five years. See Revised Statutes of 1887 § 851, page 150. Currently, Idaho "recognizes that the act of construction and first use constitute the acceptance of the grant given to the public for federal land rights-of-ways." I.C. § 40-204A(1).[1] I.C. § 40-204A was not intended to have retroactive effect.[2] Because the land was undisputedly removed from the public domain in 1904, the question of whether a public right-of-way exists is governed by the statutes in effect in 1904. Those statutes would be the Revised Statutes of 1887. In this instance, Jutte was required to prove to the Board that the Roads were used for a period of five years in order to meet his initial burden, and not merely to show an "act of construction and first use."

**Whether the district court correctly found that the Board's finding that an R.S. 2477 right-of-way existed was clearly erroneous**.

The district court was correct in finding the Board's decision clearly erroneous because it is not supported by substantial and competent evidence. In the Board's findings, there is no express statement that Jutte affirmatively proved the existence and use of Kessler Creek Road and Race Creek Road for a period of five years prior to exiting the public domain. Although the

---

[1] Although we find that I.C. 40-204A is not the governing statute, we further state that there is no direct or circumstantial evidence, other than the affidavit from 1937 construction of Kessler Creek Road, that either of the roads were "constructed" as required by the statute.

[2] "This act shall not affect any act done . . . or any right accrued . . . prior to July 1, 1985." I.C. § 40-205.

Board clearly recognized that the right-of-way must have existed prior to the land exiting the public domain, it never expressly stated a length of time for which the Roads must exist. Idaho County submitted evidence to the Board which showed that construction and use of Kessler Creek Road did not occur until 1937. In fact, the survey only shows a trail along the portions of Kessler Creek where the road now sits and the notes from the survey seem to indicate that the trail did not connect fully at all portions which are now considered Kessler Creek Road. There was testimony that Race Creek Road is in the same general vicinity as it was in 1902. This Court notes that there is some evidence showing the existence of Race Creek Road; however, that evidence is not substantial and competent to support a finding that Race Creek Road was used by the public for a period of five years prior to 1904. This Court also notes that there is no evidence supporting a finding that Kessler Creek Road existed as anything other than inconsistent portions of a trail prior to 1904. Further, we hold that no evidence was presented to the Board to support a finding that the use of Race Creek Road, and the portions of Kessler Creek Road, was "public use," as opposed to a private easement, prior to 1904. Revised Statutes of 1887, §§ 850-51, page 150; See also *Kirk*, 63 Idaho at 283, 119 P.2d at 268; *Farrell*, 138 Idaho at 384, 64 P.3d at 310.

Here, there was no documentary evidence which showed use prior to the 1902 survey. The Board merely inferred the use would have had to pre-date the 1902 survey. However, use would have had to pre-date the survey by three years in order to meet the statutory requirement of five years. Jutte was required to provide evidence, direct or circumstantial, which showed the existence and regular use of the Roads dating back to 1899. It is noted that no evidence, other than the existence of cabins and fences, spoke towards the amount of use. The only documentation was the survey map and notes, which is not adequate to show regular public use for five years. The district court incorrectly stated that a party must prove the existence of the road by direct evidence. Although direct evidence is not required, there must be sufficient circumstantial evidence to support any inferences. It cannot be said that existence of the roads in a 1902 survey supports a finding by substantial and competent evidence to infer regular use by the public from 1899 to 1904. This Court finds that the district court was correct in holding the Board's decision clearly erroneous.

**Whether § 850 or § 851 of the Revised Statues of 1887 is applicable in determining the establishment of R.S. 2477 roads under territorial law.**

The federal law, R.S. 2477, is directed towards the construction of "highways over public land." State law governs whether a highway has been created under R.S. 2477. Section 850 of

6

the Revised Statues of 1887 from the state of Idaho defines highways as "roads, streets or alleys, and bridges, laid out or erected by the public, or if laid out or erected by others, dedicated or abandoned to the public." Section 851 of the Revised Statutes of 1887 from the state of Idaho declares that all highways created by the Board of Commissioners and that "all roads used as such for a period of five years, are highways." It is clear from the language of the statutes that R.S. 2477 governs the right to create highways under federal law on lands in the public domain and that § 850 defines what may constitute a highway in the State of Idaho, and that § 851 governs the procedure for the creation of a highway in the State of Idaho. Therefore, both § 850 and § 851 govern the creation of R.S. 2477 roads under territorial law. A highway may not be created unless it is a road, street, alley or bridge that is erected or laid out by the public, and it is used for a period of five years. The two statutes are not mutually exclusive, and must be read in conjunction with one another.

**Whether the district court erred in reversing the Board's decision granting Kessler Creek Road and Race Creek Road as public rights-of-way under R.S. 2477**.

This Court finds that the district court did not err in reversing the Board's decision. The district court operated under the appropriate standard of review, giving deference to the Board's factual findings. The district court only reversed the Board's decision upon a finding that it was clearly erroneous and, therefore, was not supported by substantial and competent evidence as required by I.C. § 40-208(7). We find no error in the district court's reversal of the Board's decision.

**Whether the Gallis are entitled to attorney's fees on appeal under I.C. § 12-117**.

> [I]n any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, *if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law*.

I.C. § 12-117 (emphasis added). The Gallis should not have been awarded attorney's fees at the district court level. The district court found that the Board should not be liable for attorney's fees when adverse parties petition a county board requesting the board to act in a quasi-judicial manner. This Court agrees with the district court's conclusion, but not its reasoning. Idaho Code expressly requires that the county board be an adverse party in order to incur liability. Further, it requires that a judgment be rendered against the county. Idaho County is not an adverse party to the Gallis, and no judgment has been rendered against Idaho County. The only

stake Idaho County had at the district court level was to contest the award of attorney's fees. There was no error in the district court's decision denying the Gallis attorney's fees.

Idaho County is not a party to the present appeal, except to contest the Gallis' request for attorney's fees. Therefore, attorney's fees will not be awarded to the Gallis on appeal against Idaho County. Dagerstrom is not subject to a claim for attorney's fees under that statute and no claim was made under any other statute. No attorney's fees on appeal.

For the foregoing reasons, this Court affirms the district court's decision reversing the Board's finding that Kessler Creek Road and Race Creek Road are public rights-of-way under R.S. 2477. Costs are awarded to the respondents and cross appellant..

Chief Justice EISMANN, Justices BURDICK, J. JONES and Judge pro tem KIDWELL, **CONCUR.**

J. JONES, Justice, specially concurring.

I concur in the Court's opinion with one slight variation. The Court is correct in holding that direct evidence is not required in order to establish an R.S. 2477 right of way. As the Court notes, there must be sufficient circumstantial evidence to support any inferences. In my view, there was sufficient circumstantial evidence in the record to support an inference that such a right of way had been established along Race Creek. In 1902, when the first Oliver survey was conducted, Oliver noted the road along Race Creek and the existence of a number of homes, fences and irrigation ditches. There was no evidence as to how long those improvements had been in existence prior to 1902. However, there was sufficient evidence in the record to draw the inference that the cabins and improvements did not spring up overnight and that they may well have existed three years prior to the 1902 survey. But, the county did not apply the correct legal standard. The County mistakenly concluded that I.C. § 40-204A(1), which states that the "act of construction and first use constitute the acceptance of the grant given to the public for federal land rights-of-way," was the applicable standard. It did not know that Section 851 of the Revised Statutes of 1887 applied, requiring a showing of usage for a period of five years. Had we been dealing here solely with the Race Creek Road, I would remand to the County for determination of the issue based on the correct legal standard. However, because there is simply not sufficient evidence upon which an inference can be drawn, based on the correct legal standard, that a road existed along the Kessler Creek stretch, which is necessary for

8

Dagerstrom's case, any remand would be fruitless. To find a public right of way along Kessler Creek would require speculation, rather than reasonable inferences. Thus, I believe the Court has reached the correct result.