# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39323

GORDON RAVENSCROFT,                )
                                   )
    Petitioner-Respondent,          )
                                   )
v.                                 )
                                   )    **Boise, February 2013 Term**
                                   )
BOISE COUNTY, IDAHO, a county      )    **2013 Opinion No. 57**
Organized under the laws of the State of )
Idaho; BOARD OF COUNTY             )    **Filed: May 13, 2013**
COMMISSIONERS FOR BOISE COUNTY;    )
JAMES A. ANDERSON, TERRY C. DAY,   )    **Stephen W. Kenyon, Clerk**
ROBERT A. FRY, COMMISSIONERS;      )
CHERESE D. MCCLAIN, Deputy County  )
Prosecutor; and John Does I-X,     )
                                   )
    Respondents-Appellants.         )
                                   .

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Boise County.  Hon. Patrick H. Owen, District Judge.

The district court's determination is affirmed.

Michael Kane Associates, Boise, for appellants.  Michael J. Kane argued.

Mimura & Associates, PLLC, Boise, for respondent. Susan L. Mimura argued.

_____

BURDICK, Chief Justice

This is a permissive appeal of the district court's denial of the Board of Commissioners for Boise County's ("the Board") motion to dismiss Gordon Ravenscroft's petition for judicial review.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2011, Gordon Ravenscroft filed a Petition for Judicial Review against Boise County, its Board of Commissioners, and other individual defendants. The petition sought review of the Board's final decision terminating Ravenscroft's employment. The petition

1

claimed Ravenscroft was denied his constitutional right to due process, the board acted outside the bounds of its authority, and his firing was arbitrary, capricious, and an abuse of discretion.

In response, the Board filed a motion to dismiss arguing that the district court was without jurisdiction to hear an appeal of a county personnel determination. The district court determined that it had jurisdiction over the Board's decision to terminate Ravenscroft because the decision was an "action" under I.C. § 31-1506. The Board then sought permission to appeal this decision, which the district court granted.

## II. STANDARD OF REVIEW

This Court exercises free review over questions of statutory construction, "which includes whether a statute provides for judicial review, and the standard of review to be applied if judicial review is available." *Gibson v. Ada Cnty.*, 142 Idaho 746, 751, 133 P.3d 1211, 1216 (2006) (*Gibson III*) (internal citation omitted).

## III. ANALYSIS

The question in this case is whether the Board's decision to terminate Ravenscroft is subject to the judicial review provisions of the Idaho Administrative Procedure Act [IAPA]. The IAPA and its judicial review provisions do not apply to the actions of local governing bodies, unless expressly authorized by statute. *Gibson v. Ada Cnty. Sheriff's Dep't*, 139 Idaho 5, 7, 72 P.3d 845, 847 (2003) (*Gibson I*); I.R.C.P. 84(1).  Boise County contends that because chapter fifteen of the Idaho Code is titled "County Finances and Claims against County," section 31-1506 only applies to a board's decisions regarding monetary claims against the county. Boise County further argues that section 31-1506 is ambiguous and this Court should not interpret it as providing judicial review of personnel decisions because this interpretation is not what the legislature intended, would lead to an absurd result, and would conflict with the at-will employment doctrine. Ravenscroft responds that the plain meaning of I.C. § 31-1506(1) provides express statutory authority for courts to review the actions of a board of county commissioners ("board").

**A. The Board's decision to terminate Ravenscroft is an "act, order or proceeding" under I.C. § 31-1506.**

Idaho Code section 31-1506(1) states: "Unless otherwise provided by law, judicial review of any act, order or proceeding of the board shall be initiated by any person aggrieved thereby within the same time and in the same manner as provided in chapter 52, title 67, Idaho Code, for

2

judicial review of actions." This section only provides judicial review of a board's actions in the absence of more specific statutory provisions addressing judicial review. *Giltner Dairy v. Jerome Cnty.*, 150 Idaho 559, 562, 249 P.3d 358, 361 (2011). Neither party has alleged that review of a board's decision to terminate an employee is "otherwise provided by law." The main question the parties raise is whether the Board's decision to terminate Ravenscroft is the type of proceeding for which I.C. § 31-1506 provides review.

Boise County first argues that the plain meaning of I.C. § 31-1506 only provides judicial review for monetary claims against the county as it is found in the county finance chapter of the Idaho Code. This Court has already declined to follow this narrow interpretation of I.C. § 31-1506. *Giltner Dairy*, 150 Idaho at 561, 249 P.3d at 360. Specifically, this Court stated that it "has given an expansive reading to I.C. § 31-1506, notwithstanding the fact that the provision is included in a chapter that addresses county finances." *Id.* Boise County argues that this statement from *Giltner Dairy* is misleading because three of the four cases cited to support the expansiveness of the Court's application predate the adoption of the IAPA and all of the cases predate the 1993 revisions to the IAPA.

This Court has granted judicial review of board decisions outside the realm of county finances under I.C. § 31-1506 on several occasions since the revision of the IAPA. For example, this Court determined that I.C. § 31-1506 provided judicial review of a board's finding that dissolution of an independent highway district was in the best interest of the county. *Sandpoint Indep. Highway Dist. v. Bd. of Cnty. Comm'rs of Bonner Cnty.*, 138 Idaho 887, 890, 71 P.3d 1034, 1037 (2003). In *Sandpoint Independent Highway District*, this Court noted that because the chapter of the Idaho Code dealing with the dissolution of highway districts did not provide for judicial review, review under I.C. § 31-1506 was proper. *Id.* Further citing to I.C. § 31-1506, this Court has stated that although a county board of commissioners does not fall within the IAPA's definition of "agency," "a decision by a county board of commissioners is subject to judicial review in the same manner as provided in Idaho's Administrative Procedure Act.'" *Allen v. Blaine Cnty.*, 131 Idaho 138, 140, 953 P.2d 578, 580 (1998) (internal quotations omitted) (allowing judicial review under I.C. § 31-1506 of a board's denial of tenants' application to build a rental home on property they were leasing in the county). This Court then concluded that a board "is treated as an administrative agency for the purposes of judicial review." *Allen*, 131 Idaho at 140, 953 P.2d at 580; *Galli v. Idaho Cnty.*, 146 Idaho 155, 158, 191 P.3d 233, 236

3

(2008) (allowing judicial review under I.C. § 31-1506 of a board's grant of a public right-of-way). Thus, judicial review under I.C. § 31-1506 is not limited to claims involving county finances.

Boise County argues that this statute is ambiguous because allowing judicial review of "any act, order or proceeding" of the board would lead to an absurd result. Boise County contends that the legislature did not intend this result and points to the Statement of Purpose behind I.C. § 31-1506 to support this argument. However, where a statute is unambiguous, its plain language controls and this Court will not engage in statutory construction. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). There is no language in the statute excluding personnel decisions from the meaning of "any act, order or proceeding." In that respect, the legislation is unambiguous. *See id.* at 892, 265 P.3d at 505 (refusing to find that I.C. § 39-1392b was limited to medical malpractice actions when no language in the statute limited the section's scope). This Court does not have the authority to revise a statute that is unambiguous as written "on the ground that it is patently absurd or would produce absurd results when construed as written." *Id.* at 896, 265 P.3d at 509. The plain meaning of § 31-1506 provides judicial review of any act, order, or proceeding of the board, unless review is otherwise provided by law.

This Court has not directly addressed whether a board's decision to terminate an employee is an act, order, or proceeding under I.C. § 31-1506. This Court has previously noted that a board's review of a personnel hearing officer's decision affirming the sheriff's termination of an employee would be subject to judicial review under the IAPA. *Gibson I*, 139 Idaho at 7, 72 P.3d at 847. In *Gibson I*, this Court held that no statute authorized judicial review of a county personnel hearing officer's decision, but then specifically noted:

> [H]ad Gibson appealed the county personnel hearing officer's decision to the Ada County Board of Commissioners (board), the board's decision would be an appropriate subject for judicial review and the IAPA standard of review would apply. Without action of the board, however, the judicial review provisions of I.C. § 31-1506(1) are inapplicable.

*Id.* Additionally, this Court held that a board's inaction or refusal to hear a petition is not subject to judicial review because I.R.C.P. 84 "clearly states that a statute must expressly authorize that an action of an officer is subject to judicial review." *Gibson III*, 142 Idaho at 757, 133 P.3d at 1222.

4

The Board's decision to terminate Ravenscroft is an "act, order or proceeding" under I.C. § 31-1506. It is a direct decision of the Board and not a decision of a personnel hearing officer like in *Gibson I*. Additionally, terminating Ravenscroft was an action not a refusal to act like the board's decision in *Gibson III*. This is not the same circumstance that this Court described in *Gibson I* as being "an appropriate subject for judicial review." 139 Idaho at 7, 72 P.3d at 847. In *Gibson I*, this Court was referring to a board's review of a personnel hearing officer's decision whereas this case deals with the hearing and subsequent decision of a board to terminate one of its own employees, which is an even more direct board action. Moreover, the Board called Ravenscroft's termination an "action" and held a hearing regarding this action before coming to a final decision. Before terminating Ravenscroft, the Board served him with a Notice of Proposed Personnel Action-Termination and Notice of Suspension with Pay Pending Decision. Then after holding a hearing, the Board issued a Notice of Decision Regarding Personnel Action – Termination of Employment. Therefore, the hearing regarding Ravenscroft's termination and the Board's final determination fall under the plain meaning of "any act, order or proceeding."

Finally, Boise County argues that this Court should not follow the plain language of I.C. § 31-1506 because providing judicial review of all personnel decisions would conflict with the at-will employment doctrine. Boise County does not argue that Ravenscroft was an at-will employee, but rather that allowing review of all personnel decisions would transform the at-will relationship into "one of rights and entitlements in all cases where a county is involved, in direct contravention of decades of Idaho case law." Because Boise County is not arguing that Ravenscroft is an at-will employee, this issue is not before the Court.

Even assuming Boise County was arguing that Ravenscroft was an at-will employee, section 31-1506 does not change the terms of an employment contract by permitting judicial review under the IAPA in this type of case. There is no trial on judicial review. Rather, the scope of review is limited by I.C. § 67-5279, which prohibits the court from "substitut[ing] its judgment for that of the agency as to the weight of the evidence on questions of fact." I.C. § 67-5279(1). Additionally, under this section,

> the court shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are:
> (a) in violation of constitutional or statutory provisions;
> (b) in excess of the statutory authority of the agency;
> (c) made upon unlawful procedure;
> (d) not supported by substantial evidence on the record as a whole; or

5

(e) arbitrary, capricious, or an abuse of discretion.

I.C. § 67-5279(2).

Allowing review under the IAPA of a board's decision to terminate an at-will employee would not change the scope of the employee's claim. If the employment is at will, judicial review will not enable the court to change it to employment terminable only for cause.

**B. Ravenscroft is not entitled to attorney fees on appeal.**

Ravenscroft argues that he is entitled to attorney fees on appeal pursuant to I.C. § 12-121 and I.A.R. 41 because this case turns on a question of law that is well settled. Section 12-121 "permits an award of attorney fees in a civil action to the prevailing party if the court determines the case was brought, pursued or defended frivolously, unreasonably or without foundation." *Gerdon v. Rydalch*, 153 Idaho 237, 280 P.3d 740, 748 (2012).

The appeal in this case involved a question of law that this Court has only indirectly addressed. Because this Court has not directly addressed the question of whether a board's decision to terminate an employee is reviewable under I.C. § 31-1506, no attorney fees are awarded on appeal.

## IV. CONCLUSION

We affirm the district court's determination that the Board's decision to terminate Ravenscroft was an action under I.C. § 31-1506. No attorney fees are awarded. Costs to Ravenscroft.

Justices EISMANN, J. JONES, W. JONES and HORTON CONCUR.