# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50088-2022

JEFFREY JAE HILL, an individual, )
)
   Plaintiff-Appellant, )        Boise, February 2024 Term
)
v. )        Opinion filed:  June 5, 2024
)
BLAINE COUNTY, a political subdivision of )        Melanie Gagnepain, Clerk
the State of Idaho, )
)
   Respondent, )
)
and )
)
GREENHORN OWNERS ASSOCIATION, )
INC., an Idaho non-profit corporation, )
)
   Intervenor-Respondent. )
)

---

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Blaine County. Ned C. Williamson, District Judge.

The decision of the district court is affirmed.

Alturas Law Group, PLLC, Hailey, for Appellant. Samuel L. Linnet argued.

Matthew Fredback, Blaine County Prosecuting Attorney, Hailey, for Respondent. Timothy K. Graves argued.

Lawson Laski Clark, PLLC, Ketchum, for Intervenor-Respondent. Heather E. O'Leary, argued.

---

ZAHN, Justice.

     This case arises from the denial of an approach and encroachment permit application. Appellant Jeffrey "Jae" Hill sought the permit to repair and maintain Imperial Gulch Road ("IGR"), which allows access to his property. Respondent Blaine County, through the Blaine County Board of County Commissioners ("the Board"), denied the permit application after

concluding that it did not have the authority to issue the permit because it had previously declined to validate IGR.

Hill filed a petition for judicial review of the Board's decision. The district court affirmed the Board's denial in part and vacated its decision in part. The district court concluded that the Board did not validate IGR and therefore the Board lacked authority to issue the requested permit. However, the district court remanded the matter back to the Board to determine if the Board had authority to issue the permit under a public easement theory. Hill appeals and argues that the district court erred by determining that the Board had not validated IGR. We affirm the district court's decision.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Jeffrey "Jae" Hill owns the Imperial Lode mining claim, located on IGR. IGR is an unimproved dirt road located in Blaine County, which connects Hill's property with Greenhorn Gulch Road. IGR traverses over private property identified as Lots 16 and 17 of the Greenhorn Subdivision and a portion of the Deer Creek Ranch. Both the Greenhorn Subdivision plat and the Deer Creek Ranch deed granted public access easements for the portion of IGR that traverses their private properties.

Prior to applying for the approach and encroachment permit that is the subject of this appeal, Hill filed a petition with Blaine County, pursuant to Idaho Code section 40-203A, to validate IGR. After receiving Hill's petition, the Board initiated formal validation proceedings, in which the Board ordered a survey and staff reports on the status of IGR and held hearings at which Hill and other affected members of the public testified. The Deer Creek Ranch Company and the Greenhorn Homeowners Association (collectively referred to as "Greenhorn") opposed validating IGR and argued that validation and any resulting improvements to IGR would increase usage of IGR and increase the burden on property owners of the Deer Creek Ranch and the Greenhorn Subdivision.

At the conclusion of the validation proceedings, the Board issued a written decision ("Validation Decision") that began with the statement, "[b]ased upon the evidence and testimony presented, the Board finds that although there is evidence establishing that IGR is a public road, validation of IGR is not in the public interest." The Validation Decision then turned to the analysis underlying its opening conclusion.

2

On the public road analysis, the Validation Decision addressed Hill's contention that IGR was a public road by virtue of R.S. 2477 and state law. "R.S. 2477 was a standing offer by the federal government to grant rights-of-way on public land to the states and . . . can be an independent vehicle for creating a public road if there is some positive act or acts on the part of the proper public authorities clearly manifesting an intention to accept such grant with respect to the particular highway in question." *Sopatyk v. Lemhi County*, 151 Idaho 809, 814, 264 P.3d 916, 921 (2011) (internal quotation marks and citation omitted). "[A]n R.S. 2477 right-of-way is either created through a positive act of acceptance by the local government or compliance with the road creation statutes in existence at the time." *Galli v. Idaho County*, 146 Idaho 155, 159, 191 P.3d 233, 237 (2008).

The Validation Decision discussed the history of IGR, noting that it dated back to approximately 1880, when the first Imperial Lode and Viana Lode mining claims were located in Blaine County. The Board determined that under Idaho law, any road regularly used by the public for any period of time before February 1, 1881, and used by the public for a period of five years between February 1, 1881, and 1893 was a public road. The Board found that it was likely that IGR existed prior to February 1, 1881, to provide access to the mining claims and found that IGR was used to access mining claims for at least a five-year period between 1883 and 1890. Based on this evidence, the Board determined that "it is more likely than not that IGR was a public road by operation of Idaho law and R.S. 2477."

The Validation Decision then addressed the public interest analysis. The Board found "that Idaho Code [s]ection 40-204A(4) [which states that federal land rights-of-way do not require maintenance for the passage of vehicles] provides support for leaving IGR in its primitive, unmaintained state" and that the express public easements across the Deer Creek Ranch and the Greenhorn Subdivision provide adequate access to IGR for recreational purposes. The Board reasoned that validating IGR and allowing subsequent improvements would be at odds with the private landowners near IGR and would permanently alter IGR from its current status as a recreational usage road. The Board also identified concerns that improving IGR would promote the residential or commercial development of remote mining claims across the county, which would result in increased public access to remote, hazardous, and sensitive terrain. The Board did not want to further burden its "already-stretched" law enforcement and emergency services

3

resources. Finally, the Board expressed concern that expanding development in remote areas was contrary to the Blaine County Comprehensive Plan and the Blaine County Code.

The Validation Decision concluded with a section titled "Order," which essentially repeated the statement at its beginning:

> The Board finds and declares that the evidence establishes that IGR is a County road, public highway and federal land right-of-way. The Board also finds that validation of IGR is not in the public interest.

Hill did not appeal the Validation Decision.

Hill interpreted the Validation Decision as validating IGR due to its finding that IGR was more likely than not a public road, and several months after the issuance of the Validation Decision, Hill submitted an approach and encroachment permit application to Blaine County. Hill sought the permit to conduct regular maintenance and minor repairs of IGR where it traversed the Greenhorn Subdivision and the Deer Creek Ranch.

The Board, without holding a public hearing, denied the permit application, finding it was "constrained by the Validation Decision." In contrast to Hill, the Board interpreted the Validation Decision as not validating IGR as a public road. The Board concluded that its determination that it was not in the public interest to validate IGR constituted a decision not to validate the road. As a result, it lacked the authority to grant Hill an application to improve the road. In denying the permit application, the Board noted its preference to keep IGR an "unmaintained, primitive public access."

Hill appealed the denial of the permit application. Pursuant to Blaine County Code, Hill's appeal was heard by the Board. The Board held a public hearing on the matter, where Hill argued that the Validation Decision unambiguously declared IGR to be a public road and therefore the Board had no reason to deny his permit application. Hill contended that he did not appeal the Validation Decision and instead applied for a permit because he interpreted the decision as declaring IGR to be a public road. Greenhorn's counsel appeared at the hearing to oppose the appeal, arguing that the Board's Validation Decision declared that IGR was not a public road, the Board has complete discretion in denying the permit application, and that improving the road would burden nearby landowners. At the conclusion of the hearing, the Board denied Hill's appeal and reaffirmed its conclusion that it lacked authority to grant Hill a permit: "Since IGR has not been declared to be a public road, Blaine County lacks any authority to impose its road standards or grant Hill a permit to maintain or improve IGR."

4

Hill filed a petition for judicial review in Blaine County District Court pursuant to Idaho Code section 67-5270. Greenhorn filed a motion to intervene, which was granted. Before the district court, Hill argued that the Validation Decision determined that IGR is a public road, independent of its finding that validation was not in the public interest. Hill contended that the Board therefore abused its discretion in denying his application because it had authority to issue the permit. Hill further argued that, based on the finding in the Validation Decision that IGR was more likely than not a public road, the Board would have to vacate or abandon the road before it could declare that IGR was not a public road. The County responded that the Validation Decision clearly did not validate IGR as a public road, and that it was not required to institute an abandonment proceeding if it declined to validate the road.

After reviewing the parties' briefing and hearing oral argument on the petition, the district court issued a memorandum decision affirming the Board's decision in part, reversing it in part, and remanding the matter for further proceedings. The district court concluded that the Board did not err in concluding that its decision did not validate IGR and as a result, IGR was not a public road. Accordingly, the district court affirmed the Board's denial of the permit application on the basis that the Board lacked authority to issue a permit for IGR because it was a public road. However, the district court determined that the Validation Decision only evaluated whether IGR was a public road created under R.S. 2477, not whether IGR was a public road by virtue of the public easements recognized by the Greenhorn Subdivision and Deer Creek Ranch Company. The district court remanded the case back to the Board to determine if the Board had authority to issue the permit due to the public easements granted over those portions of IGR. Hill timely appealed the district court's decision.

## II. ISSUES ON APPEAL

1. Whether Hill's appeal should be dismissed due to a failure to exhaust administrative remedies.
2. Whether the district court erred when it affirmed the Board's decision that Hill's encroachment permit application must be denied because IGR was not a public road.
3. Whether either party is entitled to attorney fees on appeal.

## III. STANDARD OF REVIEW

The parties do not agree on the proper standard of review in this appeal. In his brief, Hill contends that this is a matter of statutory interpretation that is reviewed de novo. The County and

Greenhorn argue that our standard of review is governed by the Administrative Procedure Act, specifically Idaho Code section 67-5279(3).

"The []APA and its judicial review provisions do not apply to the actions of local governing bodies, unless expressly authorized by statute." *Ravenscroft v. Boise County*, 154 Idaho 613, 614, 301 P.3d 271, 272 (2013). Idaho Code section 31-1506 provides for judicial review of board decisions:

> Unless otherwise provided by law, judicial review of any final act, order or proceeding of the board as provided in chapter 52, title 67, Idaho Code, shall be initiated by any person aggrieved thereby within the same time and in the same manner as provided in chapter 52, title 67, Idaho Code [APA], for judicial review of actions.

I.C. § 31-1506(1).

In *Ravenscroft*, this Court interpreted Idaho Code section 31-1506 so that "a decision by a county board of commissioners is subject to judicial review in the same manner as provided in Idaho's Administrative Procedure Act." 154 Idaho at 615, 301 P.3d at 273 (quoting *Allen v. Blaine County*, 131 Idaho 138, 140, 953 P.2d 578, 580 (1998)). Thus, the Board's decision denying Hill's permit application is subject to review in the manner provided in the APA. Accordingly, Idaho Code section 67-5279(3) provides the correct standard of review. *See* I.C. § 67-5279(3); *see also* Blaine County Code § 6-1-1-4 (limiting appeals of permits to the record of proceedings before the decision-maker).

Under Idaho Code section 67-5279(3), a reviewing court "shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions" are:

> (a) in violation of constitutional or statutory provisions;
>
> (b) in excess of the statutory authority of the agency;
>
> (c) made upon unlawful procedure;
>
> (d) not supported by substantial evidence on the record as a whole; or
>
> (e) arbitrary, capricious, or an abuse of discretion.

I.C. § 67-5279(3). "Even if one of these conditions is met, [the reviewing court] will still affirm the agency action 'unless substantial rights of the appellant have been prejudiced.'" *A & B Irrigation Dist. v. Idaho Dep't of Water Res.*, 153 Idaho 500, 506, 284 P.3d 225, 231 (2012) (quoting I.C. § 67-5279(4)). "If the agency action is not affirmed, it shall be set aside, in whole or in part, and remanded for further proceedings as necessary." I.C. § 67–5279(3).

However, Hill is correct that when we analyze whether he has established a basis for reversal under section 67-5279(3), this Court freely reviews questions of law. *3G AG LLC v. Idaho Dep't of Water Res.*, 170 Idaho 251, 257, 509 P.3d 1180, 1186 (2022). "Interpretation of a statute is a question of law." *Chester v. Wild Idaho Adventures RV Park, LLC*, 171 Idaho 212, 222, 519 P.3d 1152, 1162 (2022) (quoting *Idaho Dep't of Health & Welfare v. McCormick*, 153 Idaho 468, 470, 283 P.3d 785, 787 (2012)).

"When reviewing an appeal from a district court's decision acting in its appellate capacity under the [APA], this Court reviews the decision of the district court to determine whether it correctly decided the issues presented to it." *Grace at Fairview Lakes, LLC v. Idaho Dep't of Health & Welfare*, 172 Idaho 743, ___, 536 P.3d 382, 386 (2023) (internal quotation marks and citation omitted). However, "we review the agency record independently of the district court's decision." *3G AG LLC*, 170 Idaho at 257, 509 P.3d at 1186. This Court will "not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." I.C. § 67-5279(1). "This Court instead defers to the agency's findings of fact unless they are clearly erroneous." *A & B Irrigation Dist.*, 153 Idaho at 505–06, 284 P.3d at 230–31 (quoting *Urrutia v. Blaine County*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000)). "In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial competent evidence in the record." *Id*. "However, we exercise *de novo* review over questions of law." *3G AG LLC*, 170 Idaho at 257, 509 P.3d at 1186.

## IV.    ANALYSIS

Hill asks us to reverse the district court's decision and conclude that IGR is a public road, subject to Blaine County's road standards, unless and until it is formally abandoned. Hill contends that the district court erred in interpreting the Validation Decision as not validating IGR. Hill also contends that the district court's decision allows the County to impermissibly abandon IGR without undertaking formal vacation and abandonment proceedings. Lastly, Hill contends that his substantial rights have been prejudiced by the denial of his permit application.

The County responds that Hill has failed to exhaust his administrative remedies and this appeal should be dismissed. If we disagree and reach the merits of Hill's appeal, the County contends that the Validation Decision did not validate IGR as a public road and therefore the Board had no authority to issue an approach and encroachment permit.

**A. Hill properly exhausted his administrative remedies and his appeal is properly before this Court.**

The County argues that Hill has failed to exhaust his administrative remedies because the district court remanded the case for further proceedings, but Hill appealed before the Board could hold any further proceedings. The County contends that Hill was required to exhaust the proceedings on remand before he could appeal to this Court. Hill contends that his appeal is permitted under Idaho Appellate Rule 11(a)(2) and (f).

Hill's appeal is properly before this Court. Idaho Appellate Rule 11(f) allows a party to appeal from a "final decision . . . of the district court on judicial review of an agency decision." The district court's decision affirmed in part, reversed in part, and remanded the matter to the Board for further proceedings. The decision fully disposed of the issues raised in Hill's petition. Nothing in the district court's order indicated it was remanding the matter for a limited purpose or that it was reserving ruling on an issue pending the outcome of proceedings on remand. This Court allows a party to seek judicial review even when the district court remands the case for further proceedings. *See Flying A Ranch, Inc. v. Cnty. Comm'rs of Fremont Cnty.*, 157 Idaho 937, 939–40, 342 P.3d 649, 650–51 (2015). The district court's decision was final and Idaho Appellate Rule 11(f) permitted Hill to appeal the decision to this Court. Because Hill's appeal is permitted pursuant to Idaho Appellate Rule 11(f), we do not consider the argument whether his appeal is also permitted pursuant to Idaho Appellate Rule 11(a)(2).

The County conflates the doctrine of exhaustion with a party's right to appeal. The exhaustion doctrine requires that "a party must exhaust administrative remedies before resorting to the courts to challenge the validity of administrative acts." *Regan v. Kootenai County*, 140 Idaho 721, 725, 100 P.3d 615, 619 (2004). In other words, exhaustion typically applies before litigation is commenced in the courts. Here, Hill properly exhausted his remedies because prior to filing his petition for judicial review, he appealed the denial of his permit to the Board. Once the Board rendered its decision on his appeal, there were no further administrative remedies for Hill to exhaust. Hill then properly filed his petition for judicial review in district court. Having properly invoked the jurisdiction of the district court and having received a final decision on his petition, the Idaho Appellate Rules permit Hill to appeal the district court's memorandum decision and order.

**B. The Board lacked authority to grant Hill's permit application because the Validation Decision did not validate IGR.**

This lawsuit results from the parties' differing interpretations of the Validation Decision. Hill interprets the Validation Decision as a paradoxical decision declaring IGR to be a public road while simultaneously finding that validation was not in the public interest. Hill argues that the Board's determination that validating IGR was not in the public interest cannot override its determination that IGR was more likely than not a public road.

The County argues that Idaho law requires two findings to validate a public road: (1) that the road in question is a public road and (2) that validation is in the public interest. The County and Greenhorn assert that the Validation Decision clearly determined that it was not in the public interest to validate IGR and therefore the Validation Decision did not validate IGR. As a result, IGR is not a public road. The County asserts that Hill's arguments here are a collateral attack on the Validation Decision and are barred by res judicata because Hill failed to appeal that decision.

The parties agree that the Validation Decision is final because Hill did not seek judicial review of that decision. However, res judicata does not apply in this matter because Hill is not attacking the Validation Decision. Instead, he is attacking the Board's decision denying his permit. He argues that the Board erroneously interpreted the Validation Decision as preventing it from issuing the permit. Res judicata does not bar Hill's argument that the Board's reading of the Validation Decision is incorrect. *See Citizens Against Range Expansion v. Idaho Fish & Game Dep't*, 153 Idaho 630, 634, 289 P.3d 32, 36 (2012); *Lepper v. E. Idaho Health Servs., Inc.*, 160 Idaho 104, 111, 369 P.3d 882, 889 (2016*)*; *Vierstra v. Vierstra*, 153 Idaho 873, 881, 292 P.3d 264, 272 (2012).

To prevail on appeal, Hill must establish both that the Board erred in one of the manners specified in Idaho Code section 67-5279(3)(a) through (e), and that the Board's decision prejudiced his substantial rights, as required by section 67-5279(4). While Hill generally contends that the Board's decision denying his permit application violated all five prongs of section 67-5279(3), a close reading of his opening brief suggests he is really challenging the Board's decision as arbitrary, capricious or an abuse of discretion in violation of section 67-5279(3)(e). "An agency action may be vacated when the agency's findings, inferences, conclusions, or decisions are arbitrary or capricious." *Skehan v. Idaho State Police, Bureau of Crim. Identification, Idaho Cent. Sex Offender Registry*, 173 Idaho 247, ___, 541 P.3d 679, 687 (2024). "An action is capricious if it was done without a rational basis and is arbitrary if it was done in disregard of the facts and

9

circumstances presented or without adequate determining principles." *Id*. (internal quotation marks and citation omitted). An agency's "actions are considered an abuse of discretion when the actions are arbitrary, capricious or unreasonable." *Lane Ranch P'ship v. City of Sun Valley*, 145 Idaho 87, 91, 175 P.3d 776, 780 (2007).

Determining whether the Board's decision was erroneous requires us to ascertain the effect of the Validation Decision. Notably, the Validation Decision did not expressly state whether it was validating IGR or not. Instead, it only found that IGR was a public road and that it was not in the public interest to validate it. The parties disagree on whether the Board's finding that IGR was a public road meant it validated the road, or whether the Board's finding that it was not in the public interest to validate IGR meant it did not validate the road. Determining the effect of the Validation Decision requires an examination of Idaho law concerning the process and legal effect of validation.

1. *Validation is a determination that the County will assume jurisdiction over a highway or right-of-way.*

Idaho law does not define the term "validation," but this Court has repeatedly referred to it as the confirmation of the legal status of a road as a public right-of-way or public highway. *See* I.C. § 40-203A (titled "Validation of County or Highway District System Highway or Public Right-of-Way"); *Floyd v. Bd. of Comm'rs of Bonneville Cnty.*, 137 Idaho 718, 723, 52 P.3d 863, 868 (2002) ("Idaho Code [section] 40-203A confers upon the [the board of county commissioners] the authority to confirm *the status of public highways* through validation proceedings . . . ." (emphasis added)); *Galvin v. Canyon Highway Dist. No. 4*, 134 Idaho 576, 579, 6 P.3d 826, 829 (2000) ("Section 40-203A may only be used to validate an existing highway or public right-of-way *about which there is some kind of doubt*." (emphasis added)).

Hill interprets validation as declaring that the public has the right to use a particular road. For this reason, he argues that the Board's finding that IGR was a public road validated the road and gave the Board authority to issue his permit. According to Hill, once the Board determined that IGR was a public road, any determination concerning the public interest was effectively meaningless. Hill argues that the public interest finding could only overcome the finding that IGR was a public road if the Board instituted proceedings to abandon IGR under Idaho Code section 40-203.

We conclude that Hill misunderstands what it means to validate a highway or public right-of-way under Idaho law. Contrary to Hill's interpretation, a close review of Idaho's statutes reveals

10

that validation is a determination that a county or highway district will include a road within the county's or highway district's highway district system.

Idaho Code section 40-203A, entitled "Validation of County or Highway District System Highway or Public Right-of-Way," permits certain people to petition a board of county commissioners or highway district commissioners, whichever has jurisdiction of the county highway system, to initiate public proceedings to validate a highway or public right-of-way. I.C. § 40-203A(1). While Hill, the Board, and the Validation Decision discuss whether IGR was validated as a public "road," section 40-203A and the definitions in that chapter provide a process for validating "highways" (which are defined to include roads) and "public rights-of-way." The Idaho Code, in turn, defines each of those terms.

Idaho law defines a highway to include "roads, streets, alleys and bridges laid out or established for the public or dedicated or abandoned to the public." I.C. § 40-109(5). A public highway is defined as "all highways open to public use within the state, *whether maintained by the state or any county, highway district, city, or other political subdivision*." I.C. § 40-117(7) (emphasis added). In contrast, a public right-of-way is defined as "a right-of-way open to the public and under the jurisdiction of a public highway agency, *where the public highway agency has no obligation to construct or maintain*" the public right-of-way. I.C. § 40-117(9) (emphasis added).

But Idaho law recognizes that not all rights-of-way are under the control of the state or its political subdivisions. The Idaho Code also recognizes "federal land rights-of-way," which are defined as "rights-of-way on federal land within the context of revised statute 2477 . . . and other federal access grants and shall be considered to be any road, trail, access or way upon which construction has been carried out to the standard in which public-rights-of-way were built within historic context." I.C. § 40-107(5).

As previously discussed, "R.S. 2477 was a standing offer by the federal government to grant rights-of-way on public land to the states and . . . can be an independent vehicle for creating a public road if there is some positive act or acts on the part of the proper public authorities clearly manifesting an intention to accept such grant with respect to the particular highway in question." *Sopatyk v. Lemhi County*, 151 Idaho 809, 814, 264 P.3d 916, 921 (2011) (internal quotation marks and citation omitted). "[A]n R.S. 2477 right-of-way is either created through a positive act of acceptance by the local government or compliance with the road creation statutes in existence at the time." *Galli v. Idaho County*, 146 Idaho 155, 159, 191 P.3d 233, 237 (2008). This Court

11

recognized that federal land rights-of-way could have been established some years ago, before the public lands exited the public domain. *Id*. If established before leaving the public domain, the federal right-of-way continued to remain effective even though the land later exited the public domain and became private property. *Id*. In this case, the Board found that IGR was an R.S. 2477 right-of-way and that, pursuant to state law, IGR became a public road in the late 1800s due to public use. At some later point, the portion of IGR at issue in this appeal left the public domain and became private property owned by the Greenhorn Homeowner's Association and Deer Creek Ranch Company.

Our caselaw and the foregoing statutory definitions establish that validation is more than a determination that the public has a right to use the highway or right-of-way at issue, but instead involves a determination that the county or highway district is agreeing to assume some level of jurisdiction over the highway or right-of-way. Idaho law defines a public right-of-way or public highway as one within the jurisdiction of the state or one of its political subdivisions. I.C. § 40-117(7), (9). Idaho law also provides that when a board of county commissioners validates a highway or public right-of-way, it shall record the order validating the highway or public right-of-way and any related survey in the county records and shall amend the official highway system map. I.C. § 40-203A(5). The process of surveying and amending the official highway system map after validation supports the conclusion that validation results in a county or other subdivision declaring that the highway or right-of-way falls under its jurisdiction. All of this indicates that the effect of validating IGR under section 40-203A was not just a declaration that the public has a right to use it, but rather a determination that the County agreed to assume jurisdiction over it. Therefore, we reject Hill's argument that the effect of validating a road for purposes of Idaho law is simply a determination that the public has the right to use the road.

2. *The plain language of section 40-203A required the Board to find both that IGR was a public road and that it was in the public interest for the Board to validate it.*

Having determined that the validation of IGR would result in a determination that the County agreed to assume jurisdiction over it and include it in the county highway system, we turn to the language of section 40-203A to determine whether it required the Board to determine that validation was in the public interest before it could validate IGR. "Statutory interpretation begins with the literal language of the statute. If the statutory language is unambiguous, we need not engage in statutory construction and are free to apply the statute's plain meaning." *Nordgaarden v. Kiebert*, 171 Idaho 883, 890, 527 P.3d 486, 493 (2023) (alteration omitted) (quoting *Callies v.*

*O'Neal*, 147 Idaho 841, 847, 216 P.3d 130, 136 (2009)). "However, if the statutory language is ambiguous, this Court must 'look to rules of construction for guidance and consider the reasonableness of proposed interpretations.'" *Id*. (quoting *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 582, 416 P.3d 951, 954 (2018)). "Statutory language is ambiguous where reasonable minds might differ or be uncertain as to its meaning." *Id*. (alteration omitted) (quoting *H-K Contractors, Inc.*, 163 Idaho at 582, 416 P.3d at 954).

Section 40-203A provides the process for validating a highway or right-of-way as public:

> If proceedings for validation of a highway or public right-of-way are initiated, the commissioners shall follow the procedure set forth in section 40-203, Idaho Code, and shall:
>
> > (a) If the commissioners determine it is necessary, cause the highway or public right-of-way to be surveyed;
> >
> > (b) Cause a report to be prepared, including consideration of any survey and any other information required by the commissioners;
> >
> > (c) Establish a hearing date on the proceedings for validation;
> >
> > (d) Cause notice of the proceedings to be provided in the same manner as for abandonment and vacation proceedings; and
> >
> > (e) At the hearing, the commissioners shall consider all information relating to the proceedings and shall accept testimony from persons having an interest in the proposed validation.

I.C. § 40-203A(2). The statute also requires a consideration of whether validation is in the public interest and the issuance of an order:

> Upon completion of the proceedings, the commissioners shall determine whether validation of the highway or public right-of-way is in the public interest and shall enter an order validating the highway or public right-of-way as public or declaring it not to be public.

I.C. § 40-203A(3).

We agree with the County that the plain language of section 40-203A(3) required the Board to find both that IGR was a public road *and* that validating IGR was in the public interest before it could validate IGR. The plain language of section 40-203A(3) directed the Board to make a finding concerning whether validation was in the public interest *before* it entered its order either granting or denying validation. Prior decisions of this Court have recognized that the public interest element is a separate element of a validation decision.

In *Sopatyk*, this Court considered an appeal from a district court's order dismissing a petition for judicial review and affirming a county board of commissioner's decision validating a

13

road. 151 Idaho 809, 264 P.3d 916. On appeal to this Court, we considered challenges to two of the board's findings: (1) that the road had become public; and (2) that it was in public interest to validate the road. *Id*. at 813–17, 264 P.3d 916, 920–24. The Court fully considered both questions even after affirming the board's finding that the road had become public. At no point did we suggest that the finding that the road was public was dispositive of the validation petition.

In *Palmer v. East Side Highway District*, we considered an appeal from a district court's order dismissing a petition for judicial review and affirming a highway district's refusal to validate a road. 167 Idaho 813, 477 P.3d 248 (2020). We concluded both that (1) the highway district properly initiated validation proceedings because there was a dispute about whether the road at issue had ever been constructed or had subsequently been abandoned; and (2) the highway district's finding that it was not in the public interest to validate the road was an appropriate exercise of discretion and supported by substantial and competent evidence. *Id*. at 819–21, 477 P.3d at 254–56. Again, we did not suggest that the determination that the road had not been built or had been abandoned was dispositive of the validation petition.

Our determination that the Board could not validate IGR without first finding that validation was in the public interest is further supported by the effect of validating IGR, which would bring it under the County's jurisdiction. Just because a public right of use for IGR was created pursuant to R.S. 2477 and state law, that does not mean that the County was required to accept jurisdiction over IGR. It is entirely consistent with the effect of validation to require that the Board make a finding that it is in the public interest to assume jurisdiction over a highway or public right-of-way. If this was not required, counties and highway districts would be responsible for all roads created since the enactment of R.S. 2477 regardless of the road's condition or the amount of public use it received. Imposing an obligation like this could have significant financial and administrative consequences for counties and highway districts.

Under Hill's theory, any time the public had the right to use a highway or a public right-of-way, that roadway would automatically fall under the jurisdiction of the applicable county or highway district—there would be no need for validation proceedings under section 40-203A to take place at all. Hill's interpretation would render the public interest finding required by section 40-203A(3) meaningless. However, "[t]his Court must construe a statute to give effect to all the words and provisions . . . so that none will be void, superfluous, or redundant." *Chester v. Wild Idaho Adventures RV Park*, LLC, 171 Idaho 212, 223, 519 P.3d 1152, 1163 (2022) (internal

quotation marks omitted) (quoting *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011)).

We acknowledge Hill's frustration with the "Order" section of the Validation Decision, which states that "[t]he Board finds and declares that the evidence establishes that IGR is a County road, public highway and federal land right-of-way." Regrettably, and when read in isolation, the sentence suggests that IGR had been validated as a public highway and was now under the jurisdiction of the County. However, when the sentence is read in the context of the rest of the Validation Decision, the Board concluded that IGR was an R.S. 2477 road and a federal right-of-way, but it does not indicate that the County had previously accepted jurisdiction over IGR as a public right-of-way or public highway. Given the language of section 40-203A requiring that the Board first make a finding that validation was in the public interest before validating IGR, the Board's use of the terms "county road" and "public highway" was erroneous. The fact that the public had developed a right to use IGR did not automatically impose responsibility for IGR on the County.

No one disputes that the historical origins of IGR were as an R.S. 2477 road, and the Validation Decision concluded as much. While Hill bases his argument on the Board's finding in the Validation Decision that "it is more likely than not that IGR was a public road by operation of Idaho law and R.S. 2477," that finding simply satisfied the first part of the section 40-203A inquiry. The Board concluded that it was more likely than not that IGR was a "public road" because the historical evidence suggested that, between 1880 and 1887, the public had used the road, which was sufficient under Idaho territorial law to make IGR a "public road." This, however, did not mean that the County had previously assumed jurisdiction over IGR. Hill's argument on appeal appears to conflate these two concepts—whether IGR was a public road for purposes of section 40-203A, with the effect of validation under that statute.

Lastly, Hill repeatedly accuses the Board of attempting to abandon IGR through validation proceedings. Idaho Code section 40-203 provides that in the case of a non-R.S. 2477 road, the Board can only abandon a public highway or public right-of-way if it is in the public interest to do so:

> (1) A board of county or highway district commissioners, whichever shall have jurisdiction of the highway system, *shall use the following procedure to abandon and vacate any highway or public right-of-way in the county or highway district*

*system* including those which furnish public access to state and federal public lands and waters:

. . . .

(6) *All other highways or public rights-of-way may be abandoned and vacated only upon a formal determination by the commissioners pursuant to this section that retaining the highway or public right-of-way for use by the public is not in the public interest,* and such other highways or public rights-of-way may be validated or judicially determined at any time notwithstanding any other provision of law.

I.C. § 40-203(1), (6) (emphasis added). However, section 40-203 is not applicable to IGR because it is an R.S. 2477 road. I.C. §§ 40-203(1), 40-204A(2). Pursuant to Idaho Code section 40-204A(2), a roadway created through R.S. 2477 and never accepted into a county or highway district system, such as IGR, can only be abandoned through eminent domain proceedings.

Moreover, Hill's argument is misplaced given the effect of validation proceedings. Section 40-203A permitted the Board to consider whether it was in the public interest to validate IGR before the Board decided whether the County should take jurisdiction over it. The Board concluded in its Validation Decision that it was not in the public interest to do so, and Hill did not challenge that finding or otherwise assert that the County had previously accepted IGR into the county highway system. The time to appeal the Validation Decision has passed. *See* I.C. § 40-208.

While our decision today affirms the district court's decision concerning the Board's interpretation of the Validation Decision, our holding is premised on the facts of this specific case. Idaho Code section 40-203A does not allow the Board to utilize validation proceedings to abandon a roadway that is not an R.S. 2477 road but is a public highway or a public right-of-way. To do so would impermissibly allow the Board to abandon a public highway or right-of-way without undertaking the correct vacation and abandonment proceedings required under Idaho Code section 40-203.

In sum, we hold that the district court did not err when it affirmed the Board's decision that it lacked authority to grant Hill's permit because it had not validated IGR. Hill has therefore failed to establish that the Board's decision denying his permit was arbitrary, capricious or an abuse of discretion. Because we find no violation of Idaho Code section 67-5279(3), we do not address Hill's argument that his substantial rights were prejudiced. Further our decision today does not disturb the district court's order vacating the Board's decision in part and remanding the matter to the Board for further proceedings.

**C. No party is entitled to attorney fees on appeal.**

Hill, the County, and Greenhorn each seek attorney fees pursuant to Idaho Code section 12-117. Idaho Code section 12-117 allows for the award of attorney fees to the prevailing party "in any proceeding involving as *adverse* parties a state agency or a political subdivision" if this Court "finds that the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117 (emphasis added). Greenhorn, who intervened on the side of the County, is not "adverse" to the County and therefore cannot be awarded attorney fees pursuant to Idaho Code section 12-117. *See Neighbors For Responsible Growth v. Kootenai County*, 147 Idaho 173, 177, 207 P.3d 149, 153 (2009); *Sylte v. Idaho Dep't of Water Res.*, 165 Idaho 238, 247, 443 P.3d 252, 261 (2019). Hill is not the prevailing party on appeal and therefore is not entitled to an award of attorney fees. Lastly, we decline to award attorney fees to the County because the interpretation of Idaho Code section 40-203A in this context is an issue of first impression for this Court. Accordingly, no party is awarded attorney fees on appeal.

## V.    CONCLUSION

For the foregoing reasons, the decision of the district court is affirmed.  As the prevailing party on appeal, Blaine County and Greenhorn are awarded their costs on appeal pursuant to Idaho Appellate Rule 40.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and MEYER CONCUR.